[Filed May 3, 1889.]

CALLAHAN, RESPONDENT, v. PORTLAND & W. V. R. R., CO., APPELLANT.

APPEAL — UNDERTAKING — WAIVER OF EXCEPTIONS TO SUFFICIENCY OF SURETIES. — The time when an appeal shall be deemed perfected is not changed or affected in any way by the respondent's filing in the cause a written waiver of all exceptions to the sufficiency of the sureties in the undertaking.

APPEAL — WHEN DEEMED PERFECTED. — "Within five days" after the filing of the undertaking is the "time allowed" to except to the sufficiency of the sureties in the undertaking, and it is from the expiration of that time, when the sureties are not called on to justify, that the appeal shall be deemed perfected.

APPEAL from Multnomah County.

*W. L. Boise*, for the motion.

*J. M. Bower*, contra.

STRAHAN, J.—On the ninth day of February, 1889, the plaintiff recovered judgment against the defendant. On the twenty-eighth day of the same mouth the defendant duly served its notice of appeal in Multnomah County, and on the same day filed its undertaking on appeal. On the first day of March, 1889, the plaintiff served upon the defendant and filed in said cause a paper, wherein it is recited "that the plaintiff above named hereby waives all objections to, and all right to except to, the undertaking on. appeal, filed herein on February 28, 1889, by the above-named defendant, upon the appeal herein of the above-entitled action to the supreme court of the state of Oregon, and hereby waives all objection and all rights to except to the sufficiency of William Reed as surety on the said undertaking." On the fifth day of April, 1889, the respondent filed in this court properly certified copies of the judgment, notice of appeal, proof of service, and waiver of objections to the sufficiency of the surety on appeal, and asked an affirmance of the judgment, with ten per cent damages, for the reason the appellant neglected to file the transcript in this court within the time allowed by law.

Section 541 of the code provides that upon the appeal being perfected, the appellant must, by the second day of the next regular term of the appellate court thereafter, file with the clerk of such court the transcript of the cause.

It is for a non-compliance with this section that this motion is made, and it therefore becomes necessary to determine when the appeal is "perfected" within the meaning of this section.

If the appeal was "perfected" on the first day of March, when the waiver of objections to the surety was filed, then the appellant was bound to file his transcript in this court

by the second day of the March term, which term commenced on the first Monday, the fourth day of March. This depends upon the construction to be given to two provisions of the code:—

Subdivision 2 of section 537 of the code, which is as follows:—

"2. Within ten days from the service of the notice of appeal, the appellant shall file with the clerk an undertaking as hereinafter provided. *Within five days thereafter*, the adverse party shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto."

Subdivision 4 of section 537 of the code provides:—

"4. From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof, if excepted, the appeal shall be deemed perfected."

"Within five days" after the filing of the undertaking is the *time allowed* to except to the sufficiency of sureties in the undertaking, and it is from the expiration of that time, where the parties are not called on to justify, that the appeal shall be deemed perfected. The appeal was not, therefore, perfected prior to the beginning of the March term, and that term was not "the next regular term of the appellate court thereafter." If the words "five days" had been inserted in subdivision 4 of section 537, instead of the word "time," the meaning of the section would not have been altered, but it might have been a little more obvious.

If the defendant may waive his right to except to the sufficiency of the sureties on the appeal, no other consequences follow such waiver other than that the right to make the exception is lost or terminated by the act of the party. The appeal is not perfected in such case until the "*time* allowed to except" shall have fully expired.

The motion must therefore be denied.