HENRY P. WHALLON, Plaintiff in Error, *vs.* J. E. BANCROFT, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF DODGE COUNTY.

The statute authorizing contested election cases to be heard at Chambers, if not heard at a regular term within thirty days after the election, is merely cumulative, and intended to prevent delay in the determination of the contest; but does not take such cases from the jurisdiction of the Court in term, should the Judge refuse to hear it at Chambers.

*Art.* 1, *Sec.* 4, *Constitution of Minnesota,* providing for the right of trial by jury in all cases at law, and for the waiver of the right, has reference only to civil matters. It recognizes the right of trial by jury as it existed in the Territory of Minnesota, and continues such right unimpaired and inviolate.

*Article Seven of Amendments to the Constitution of the United States,* preserving the right of trial by jury where the value in controversy exceeds twenty dollars—does not prevent a State Legislature from extending this right to cases at law involving a less amount, but prohibits it from denying the right in cases involving more than that amount.

Points and authorities of Plaintiff in Error.

*First.*—The Court below erred in entertaining jurisdiction of the proceeding under objection as interposed by counsel of the Plaintiff in Error. *Vide Chap.* 6 *Rev. Stat.; found in Comp. Stat.* 150 *and* 151; *also Compiled Stat. pp.* 479, 480, *Sec.* 19.

*Second.*—The Court had no power to appoint a special term for the trial of a controversy of this nature, unless it is a " civil or criminal" action, or was an " issue of law," and if it be a " civil action" and not authorized and controlled by the statute, then the Court could not proceed to trial without a jury. *Sec.* 4, *Art. One, Constitution of Minn.*

Points and authorities of Defendant in Error.

*First.*—The District Court at special term had jurisdiction of the case. *Comp. Stat. p.* 150, *Sec.* 71 ; *Comp. Stat. p.* 479, 480, *Sec.* 16.

*Second.*—The Plaintiff in Error having answered the notice and consented to go to a trial, the objection, if any existed, was waived and cured.

*Third.*—No substantial right of the Plaintiff in error was affected by a trial at special term rather than at chambers. *Comp. Stat. p.* 544, *Sec.* 96.

*Fourth.*—No right of trial by jury existed. The Constitution gives no new right of trial by jury, but secures in future that right which by law existed prior to the adoption of that instrument. *Comp. Stat. p.* 151, *Sec.* 74; *Con. of Minn,, Art.* 1, *Sec.* 4; *Work vs. The State,* 4 *Ohio State Rep. p.* 296; *Lee vs. Tillotson,* 24 *Wend. Rep. p.* 338; *Newel vs. Rice,* 2 *Wis. Rep. p.* 29 ; *Gaston vs. Babcock,* 6 *Wis. Rep. p.* 506 ; *Ross vs. Irving,* 14 *Ill. Rep. p.* 171.

A. D. LA DUE, and JOHN B. BRISBIN, Counsel for Plaintiff in Error.

WILDER & WILLISTON, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J. This was a proceeding in the Court below to contest the election of a county officer under *Chapter* 6 *of the Old Revised Stat. found on pages* 150-1, *of the Compiled Statutes.* This proceeding is instituted by the service of a notice by the party desiring to contest, upon the party in possession, within thirty days after the election. The notice announces the intention of the party to contest, and the cause of such contest ; also the time and place of hearing ; it should be served ten days at least before the hearing, and be returned to the Clerk of the District Court of the county where the contest is to take place. The Clerk places the case upon the " issue docket" (calendar) as an appeal case, and to all intents and purposes, it is in Court as an appeal case, sent up from an inferior Court, and is to be heard in its order by the Court. It being highly important that cases of this character should be tried speedily, in order that the will of the people

may not be defeated, the statute makes this further provision :

"*Provided*, That if the case cannot be determined by the District Court in term time, within one month after the termination of such election, the Judge of the District Court may hear and determine the same at chambers as soon thereafter as may be practicable."

When no regular term is to be held within thirty days next succeeding the election at which the case could be heard, it certainly becomes the duty of the Judge to carry out the object and intent of the statute, which is expedition, by hearing the case at chambers when applied to for that purpose by either party, as soon as is compatible with the performance of his other duties.  Now, what did he do in this case?  It appears that on the 2d day of November, 1859, he was informed by the affidavit of Mr. Bancroft, that the election of Whallon was contested by him.  The Judge thereupon, instead of appointing a day for hearing the case at chambers, appointed a special term in the county of Dodge, to be held on the 20th day of December, then next, thus postponing the hearing perhaps a few days or weeks longer than he might have done by appointing a shorter day at chambers.  This was not strictly pursuing the directions of the statute, but the irregularity could in no way affect the jurisdiction of the Court to entertain the matter when the day appointed arrived.  What can be done at chambers can certainly be done in term ; and we do not think the statute authorizing the appointment of special terms, intended to limit or restrict the business which could be transacted thereat, to any particular class of cases, but meant to confer upon the Judge the power to call special terms in all cases when in his judgment the interests of the public require such terms to be held, and have left it to his discretion to determine what class of business shall be entertained at them. The language of the statute is as broad as it well could be.  It is as follows :

"The Judge of any of the District Courts is hereby authorized to adjourn the same from time to time during any term thereof ; to hold adjourned terms of said Court at any time he may deem proper, or appoint special terms in any county of his district for the trial of civil and criminal cases and issues

of law, or any or either of them, giving thirty days previous notice thereof, &c.      *      *      *      and may in his discretion direct grand and petit jurors to be drawn and summoned for any adjourned or special term, in the manner prescribed by law," &c.  The language, "for the trial of civil and criminal cases and issues of law, or any or either of them," used in designating the purposes for which special terms could be called, is not restrictive, but was designed to cover all business that could be transacted at a regular term.  The particular language was selected because descriptive of the highest class of legal proceedings, and was designed to include all other kinds.  It would be a strained and unusual construction, which would permit a Court under this general grant, to entertain a capital case, and exclude from its jurisdiction matters cognizable at chambers.  The Judge has control of the class of business which shall be heard at an adjourned or special term, in the power which he possesses and may exercise at discretion, of calling or omitting to call a jury.

The statute which authorizes these contested election cases to be heard at Chambers, if not heard at a regular term within thirty days after the election, is merely cumulative, and was intended to prevent delay in the determination of the contest in which the public as well as the parties are interested, and in this view it should be followed; but it does not and cannot take anything from the jurisdiction of the Court when sitting in term, to hear and decide the same case, should the Judge refuse to hear it at Chambers.

Had the provision been the other way, that the case could only be heard in term time, there would have been merits in the point made by the counsel for the Plaintiff in error, if the Judge had attempted to have heard the case at Chambers, as that would have been reversing the established order of business; but to allow the objection to obtain in this case, would be to aggravate the irregularity already committed by the Judge, by postponing the hearing to a still later day.

The counsel contends that if it could be heard at special term, it is only because it falls within the definition of a civil action under the statute in reference to the appointment of special terms above cited, and in that event he was entitled

on his application to a trial by jury, under *section 4, of article 1, of the Constitution of this State*, which provides as follows:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy, but a jury trial may be waived by the parties in all cases, in the manner prescribed by law."

This section has reference only to civil matters, as it authorizes a waiver of the right conferred in *all cases*, which is not true of criminal cases, and also as criminal cases are specially provided for in section 6 of the same article.

The effect of this clause in the Constitution is, first, to recognize the right of trial by jury as it existed in the Territory of Minnesota at the time of the adoption of the State Constitution; and second, to continue such right unimpaired and inviolate. It neither takes from or adds to the right as it previously existed, but adopts it unchanged. Wherever the right of trial by jury could be had under the territorial laws it may now be had, and the Legislature cannot abridge it; and those cases which were triable by the Court without the intervention of a jury, may still be so tried.

The same clause, in substance, and sometimes in words, has found its way into the Constitutions of most of the new States, and has received from their courts the same interpretation that we now place upon it whenever it has been subjected to judicial scrutiny, as far as we have been able to ascertain.

The Constitution of Wisconsin contains the exact language of our own on this point. In the case of *Norval vs. Rice*, 2 *Wis. R., p.* 29, the Court say, in speaking of that part of the section which provides that the right of trial by jury shall remain inviolate, "That it shall continue as it was at the time of the formation and adoption of the Constitution by the people of the State." See also *Gaston vs. Babcock*, 6 *Wis.*, 506, where that portion of the section which provides that the right of trial by jury shall extend to all cases at law, without regard to the amount in controversy, came more particularly under consideration.

The point in this latter case involved the right to try the question of insanity without a jury. The right existed by statute prior to the adoption of the Constitution, and the Court

say, " This clause provides, in substance, that the right of trial by jury shall remain inviolate, and shall extend to all cases at law. We think that ' cases at law,' as these words are used in the Constitution, are not cases of this description."

In Illinois, under the old Constitution of 1818, the right of trial by jury was continued inviolate, and the Legislature of the State had placed a construction upon it by limiting the right to trial by jury in many cases to controversies which involved more than twenty dollars. The new Constitution of 1848 contained the same clause as the old one, but with the addition that the right should extend to all cases at law without regard to the amount in controversy; and the Courts of that State say, in construing it, (14 *Illinois Reports*, 171,) that " the object and design of these additional words were to prevent such a construction as had been put upon the Constitution of 1818, and to give the right to a jury trial in cases at law without regard to the amount in controversy—not to extend it to a class of cases which have not before been entitled to it." *See also* 4 *Ohio State Reports*, 296.

It may be urged that as the right of trial by jury existed under our territorial laws, prior to the adoption of the Constitution, in all cases at law, regardless of the amount in controversy, the words in the Constitution which provide that the right shall " extend to all cases at law, without regard to the amount in controversy," would be inoperative unless they are held to carry the right of jury trial to some cases where it did not previously exist.

This apparent difficulty readily yields to an examination of the structure of our Legislature and Courts under our Territorial existence, and the necessity for the insertion of these words in our State Constitution will be as manifest as it was in that of Illinois, adopted in 1848.

The only restriction that operated upon the Territorial Legislature in regard to the right of trial by jury, was that contained in *article seven of the amendments to the Constitution of the United States, proposed in 1789*, which was as follows : " In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," &c.

This clause in the Constitution of the United States was in full force within the Territory, both upon the Legislature and the Courts, because they both acted under the sole authority of the United States.  24 *Wend.*, 337.  This provision, however, did not prevent the Legislature from extending the right of jury trial to cases at law, involving less than twenty dollars, but only prohibited it from denying it in cases involving more than that amount.  The Legislature saw fit to extend it to all cases, regardless of amount, but certainly possessed the power at any time to have refused it in all cases at law involving less than twenty dollars.  The right then, in such minor cases, under the laws of the territory, was a qualified right, and not an absolute and indefeasible right, such as rights guaranteed to the citizen by a State Constitution.  Such being the condition of the right of trial by jury, at the time of the adoption of the State Constitution, what right would have been continued inviolate, had nothing been said in the Constitution but that "the right of trial by jury shall remain inviolate?"— manifestly the qualified right secured by the Constitution of the United States and the laws of the Territory, and nothing more; and the first State Legislature under the Constitution could have done just as the Legislature of Illinois did in a similar case, under the old Constitution of that State, to wit, restricted the right of trial by jury to cases at law where the amount in controversy exceeded twenty dollars.  It was to avoid this difficulty, and nothing more, that the clause extending the right of jury trial to all cases at law was inserted in the Constitution.

The judgment is affirmed.