BOARD OF COUNTY COMMISSIONERS OF MILLE LACS COUNTY
*vs.* DORILUS MORRISON.

September 22, 1875.

Tax Judgment—Defects in Affidavit to List Filed with Clerk.—Under the act of March 9, 1874, entitled " An act to provide for the assessment and collection of taxes," no defect in the affidavit verifying the list filed with the clerk of the court affects the jurisdiction of the court over the proceedings.

Same—Proof of Publication of List.—If the list is filed, and the list and notice prescribed by the act are in fact published, as the act provides, the court has jurisdiction, although no affidavit of publication is filed, and the court may (certainly at any time before judgment) allow proof of the publication to be filed.

Same—Trial by Jury as to what Issues.—The parties to such proceedings are not entitled to a trial by jury of any issue, except the issue that the tax has been paid, or that the property is exempt from taxation.

After rendering a tax judgment in this case, against defendant's objections, the district court for Mille Lacs county, *McKelvey*, J., presiding, certified the case to this court.

*H. M. Atkins, D. B. Searle,* and *Merrick & Morrison,* for defendant.

*W. W. McNair,* for plaintiff.

GILFILLAN, C. J.   In the proceedings to enforce payment of taxes remaining delinquent on the first day of June, 1874, in the county of Mille Lacs, the defendant filed an answer as to the tax on certain lands, in which he objected that the affidavit of the county auditor to the list filed with the clerk was defective because it had no venue. This objection the court below overruled correctly. The language of § 113 of the act of March 9, 1874, entitled " An act to provide for the assessment and collection of taxes,"

(Laws 1874, ch. 1,) is so broad and general as to show clearly the intention of the legislature that when a list of the taxes is actually filed by the auditor, and the publication prescribed by the act made, no mistake or error in the proceedings shall affect the jurisdiction of the court.

The objection was also made that the affidavit of publication was insufficient, whereupon the court, against the objection of defendant, allowed a proper affidavit of publication to be filed, and proceeded with the case. In this the court was right. It is the fact, and not the proof, of publication which gives the court jurisdiction. *Kipp* v. *Fullerton*, 4 Minn. 473 ; *Johnston* v. *Higgins*, 15 Minn. 486. If the proof of publication first filed is defective, the court may at any time (certainly at any time before judgment) allow proper proof to be filed.

The defendant then demanded a trial by jury, which was denied. Whether the tax payer is entitled to a jury trial in these proceedings is an important question, as it affects both the power of the state to collect its revenues by a speedy and convenient mode, and the security of the citizen against oppression and illegal acts. It is claimed that because legal rights are involved and are to be determined, it is a proceeding at law, and that in all proceedings at law the right to a trial by jury is guaranteed by the constitution, and the case of *Parsons* v. *Bedford*, 3 Pet. 433, is cited. In that case Mr. Justice Story, discussing the provisions of the federal constitution in respect to trial by jury, says (p. 447) : " By common law they meant what the constitution in the third article denominated ' law ;' not merely suits which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies administered ; or where, as in the admiralty, a mixture of public law, and maritime law, and equity, were often found in the same suit."

If, by this language, the learned judge meant that in all proceedings to ascertain and determine rights, other than those of equitable or maritime jurisdiction, the constitution guarantees the right of trial by jury, the language is certainly too broad; for there are many proceedings, involving important rights, of neither equitable nor maritime jurisdiction, in which, as settled by many decisions, the parties are not entitled to a jury trial.   We refer to a few of these: Proceedings by the state under its right of eminent domain. *Penn. R. Co.* v. *Lutheran Congregation,* 53 Penn. St. 445; *Buffalo Bayou, etc., R. Co.* v. *Ferris,* 26 Texas, 588: *Haverhill Bridge* v. *County Comm'rs,* 103 Mass. 120; *Dronberger* v. *Reed,* 11 Ind. 420; *Livingston* v. *Mayor, etc., of N. Y.,* 8 Wend. 85.

Proceedings to determine the right to office under an election.   *Whallon* v. *Bancroft,* 4 Minn. 109; *Ewing* v. *Filley,* 43 Penn. St. 384.

Proceedings to assess, on property benefited, the damages for taking lands for highways.   *People* v. *Mayor, etc., of Brooklyn,* 4 N. Y. 419; *McMasters* v. *The Commonwealth,* 3 Watts, 292.   In mandamus.   *Atherton* v. *Sherwood,* 15 Minn. 221.   Under statutes for settling estates of insolvents.   *Sands* v. *Kimbark,* 27 N. Y. 147.

Proceedings to appoint guardians of insane persons. *Gaston* v. *Babcock,* 6 Wis. 503.

References to assess the value of improvements under occupying claimants' laws, where such mode of assessment existed at the adoption of the constitution.   *Ross* v. *Irving,* 14 Ill. 171.   In suits uniting the legal cause of action to recover a debt, with the equitable cause of action to foreclose a mortgage given to secure it.   *Stillwell* v. *Kellogg,* 14 Wis. 461.   To enforce liens given by statute upon vessels for labor and material.   *Sheppard* v. *Steele,* 43 N. Y. 52.   In summary proceedings to enforce debts, where the party may be presumed, from his entering into the contract, to have consented to such mode of enforcing it.   *Bank of*

*Columbia* v. *Okeley*, 4 Wheat. 235. As to enforce recognizances or the bonds of sheriffs. *Gildersleeve* v. *The People*, 10 Barb. 35; *Murry* v. *Askew*, 6 J. J. Marsh. 27; *Creighton* v. *Johnson*, 6 Litt. 240.

Summary convictions for petty offences. *Byers* v. *Comwealth*, 42 Penn. St. 89. To determine the settlement of paupers. *Shirley* v. *Lunenburg*, 11 Mass. 379. Upon judgments of courts martial under military laws. *Rawson* v. *Brown*, 18 Maine, 216.

In proceedings for the assessment and collection of taxes. *McCarrol's Lessee* v. *Weeks*, 5 Hayw. (Tenn.) 246; *Cowles* v. *Brittain*, 2 Hawks, (N. C.) 204; *Harper* v. *Town of Elberton*, 23 Ga. 566; *New Town Cut* v. *Seabrook*, 2 Strobh. 560; *Crandall* v. *James*, 6 R. I. 144.

The general principle upon which these cases were decided was that the several constitutions intended only to preserve the right of trial by jury in those cases where it existed at the adoption of the respective constitutions, and that rights of persons or property coming in question in those controversies in which, before that time, the right was not recognized do not come within the meaning of the constitutional guaranties. This court, in *Whallon* v. *Bancroft*, 4 Minn. 109, said (p. 113): "Wherever the right of trial by jury could be had under the territorial laws, it may now be had, and the legislature cannot abridge it; and those cases which were triable by the court, without the intervention of a jury, may still be so tried."

It is not, of course, to be understood from this that the right to a jury trial will depend on the form of the action or proceeding, or that the legislature may, by changing the form of proceeding or remedy, take that mode of trial from those rights to which the constitution intended to secure it. The constitution of Vermont provides: "Trial of issues proper for the cognizance of a jury, in the supreme or county courts, shall be by jury, except when parties otherwise agree." This, though differently expressed, is substan-

tially the same as the provision in the constitution of this state. The supreme court of Vermont, discussing this clause in *Plimpton* v. *Town of Somerset*, 33 Vt. 283, said: " All rights, whether then or thereafter arising, which would properly fall into those classes of rights to which, by the course of the common law, the trial by jury was secured, were intended to be embraced within this article." This is the best definition that we have found of the classes of cases to which the trial by jury is secured, for it makes the right to such a trial depend on the nature and character of the controversy, and not on the form of action or proceeding in which it is to be determined.

The judgment, under the law of 1874, is made conclusive as to everything except the jurisdiction of the court. It has this effect, not only as between the state and the owner of the land, but as to all parties, whenever or however the question may arise. It is evident that if it concludes the owner for all time, as it certainly does, as to rights which, by the law existing when the constitution was adopted, were to be tried by jury, it deprives the owner of that constitutional right unless he may have that trial before judgment.

At the time of the adoption of the constitution the owner, whenever, in an action at law, the question of title under tax laws might arise, had the right to a jury trial of certain issues upon which the title depended. But it was not every matter involved in the tax proceedings which he could have so tried. There will, and always must, be some matters as to which the proceedings themselves are necessarily final, and as to which no further hearing can be allowed. For instance, at what value the property should be assessed, or what rate of tax should be levied, or for what purposes taxes should be raised, are matters which, of necessity, cannot be submitted to a jury. No revenue system ever devised has provided for the intervention of a jury to determine those things, either before or after sale. No such system could stand. In *McCarrol's Lessee* v. *Weeks*,

5 Hayw. (Tenn.) 246, which arose under a law somewhat similar to the law of 1874, and in which the court appear to go further than we are disposed to, the court, speaking of proceedings for assessing taxes, very justly said: " It is certainly true that they have the character of summary proceedings, and it is equally true that they must, of necessity, be so ; for, if the government were necessitated to take the cautious and tedious steps of the common law in giving personal notice, making up pleadings, and having a jury trial, it would cease to exist. All governments, to raise their revenue, lay taxes on property, and their proceedings necessarily must be summary and *in rem* as to that."

The only issues which, upon a question of title under a tax sale, any party could in any case have tried by a jury, were those that might be made upon the authority to tax— that is, whether the tax was laid upon property subject to taxation ; upon the performance, by the proper officers, of the things made by law essential to the validity of the tax or sale ; and upon the non-payment of the tax. In no case could he have a jury try and determine how much the tax ought to have been. Under the act of 1874 the only things really essential to the right to sell the land for the tax are the jurisdiction of the court, and its judgment determining the amount of the tax and directing the sale. When the judgment is entered, the right to sell is determined. It is then immaterial that the assessors, auditors and boards of equalization have or have not strictly complied with the requirements of law in the assessment and levy of the tax. Upon the application for judgment it is not material that they have or have not done so, except so far as any failure or omission to do so may be shown to have prejudiced the party defending. This can be shown only by proof that the tax, as it appears on the list, is too high. Upon such proof the court determines how much it ought to be reduced in order to be fair and equal. It corrects the assessment or

tax to that extent. There can be no right to the intervention of a jury in making such correction, nor can there be such a right with respect to the regularity of those proceedings, the regularity of which is made not essential to the right to a judgment.

But issues may be made upon allegations that the property is exempt from taxation, or that the taxes have been paid. These matters are material, and go directly to the right to sell, which right is to be determined by the judgment in these proceedings. Undoubtedly, where the sale is not made pursuant to a judicial determination, these issues can be raised whenever title is claimed under the sale, and in such cases the parties will generally be entitled to a jury trial. They cannot be deprived of the right to have, at some time, such a trial. The act of 1874 cuts off the right to raise those issues, and consequently to have a jury trial of them, after judgment, and it follows that they must have it, if demanded, before judgment. The act effects, in this respect, this change; that instead of having the right, as under former laws for the assessment and collection of taxes, to make these issues, and demand a trial of them by jury, whenever and as often as the question of title under the tax sale might arise in any action at law, the owner must now claim it in the proceedings to enforce the taxes, and the result of it in those proceedings is final and conclusive. The constitutional right to that mode of trial is secured to him.

It is true the act does not expressly provide for a jury trial; but it must be presumed that the legislature did not intend to exclude it where it is necessary to the validity of the proceedings and the conclusive effect of the judgment. Under its general powers the district court may direct a jury trial of any issues in which the parties have a right to that mode of trial, in any proceedings pending before it; and when, in these tax proceedings, either of the two issues we have mentioned is made, and a jury trial

demanded, may direct the matter to be tried at a general term.

No such issue is raised in this case. The answer relates only to the acts and omissions of the assessing officers and board of equalization; and if the facts were as pleaded, and by reason thereof the taxes appearing on the list against the property were too high, it was the duty of the court merely to reduce the taxes to what it should deem the proper amounts.

Judgment affirmed.