Argued 5 Nov., decided 11 Dec., 1906; on rehearing 2 July, 1907.

## BOOTHE *v.* SCRIBER.

87 Pac. 887.

APPEAL—COMPUTING TIME TO FILE TRANSCRIPT.

1. The time allowed after perfecting an appeal within which a transcript must be filed in the appellate court does not begin to run until the time allowed to except to the sureties has expired, computed by excluding the first day and including the last.

To illustrate: A party having filed an undertaking on appeal on August 24th, the adverse party has five days to except and the appellant thirty days thereafter to file the transcript, which will expire on September 29th, and a filing on that day is within the time limited.

PAYMENT—EVIDENCE—COMPETENCY.

2. On an issue as to whether defendant, who was the cashier of a bank, had by various payments repaid to plaintiff a sum of money belonging to plaintiff which had been appropriated by defendant, defendant produced a draft issued by his bank payable to plaintiff, and paid to him, and testified that he purchased it, and sent it to plaintiff at his request, and that it was not charged on the bank books to plaintiff. *Held,* that the draft and testimony were competent as tending to show a payment.

SAME.

3. Defendant produced a draft drawn by plaintiff on defendant's bank payable to another bank and paid, and testified that he paid it out of his own funds. Plaintiff had an open account in the bank. *Held,* that the evidence was incompetent, as the records of the bank were proper evidence as to who paid the draft, and presumably the draft was paid from plaintiff's funds or charged to his account.

SAME.

4. Notes given by plaintiff to defendant's bank and marked "paid" by the bank, and as to which defendant testified that they were paid by him at plaintiff's request, were competent evidence.

SAME.

5. Defendant produced three notes made by plaintiff to defendant's bank, having attached thereto a check of defendant payable to plaintiff or bearer for a sum in excess of the notes, and testified to a settlement with plaintiff, and that at plaintiff's request he paid the notes, by giving

(48th Or.—36)

the check attached, and that the difference between the amount due on them and the check was paid to plaintiff in cash, and the check charged to his account on the bank books. *Held*, that the notes and check were properly admitted.

SAME.

6. Defendant testified that at various times he deposited sums to the credit of plaintiff, and offered in evidence deposit slips made out in his handwriting, and though he testified that he took the slips from the bank files, it was not shown that any of them were ever delivered to the bank or that it became liable for such deposits. *Held*, that the slips were incompetent evidence.

SAME—INSTRUCTIONS.

7. An instruction that as to the items claimed as a defense by defendant, "if a defense here they cannot be claimed as a defense by the bank in its action," was erroneous as misleading, the bank not being a party to the action.

From Union: ROBERT EAKIN, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action to recover money by S. S. Boothe against J. W. Scriber. On November 28, 1898, the plaintiff delivered to the defendant $10,625, to be used in the purchase of 100 shares of the capital stock of the Farmers' & Traders' National Bank of La Grande. The stock was to have been purchased within 30 days, but the defendant failed or was unable to make such purchase and retained the money, making payments on account thereof to the plaintiff from time to time, as demanded, for a period of about seven years. During all this time he was the cashier of the Farmers' & Traders' National Bank, and the plaintiff had, in addition to the amount due him from defendant, an open account with the bank and from time to time was depositing money with and giving notes to it, and drawing checks and drafts on his account. It was a part of the manner of doing business between the plaintiff and the defendant and the bank that checks and drafts drawn by plaintiff on the bank were sometimes paid by the bank out of plaintiff's funds and at other times they were paid by the defendant out of the money due from him to the plaintiff, without being entered upon the bank books, and at still other times they were paid by the bank, the defendant depositing funds with it to the credit of the plaintiff to meet the same, and it was understood and agreed by and between the plaintiff and

defendant that any payments and deposits made by him on plaintiff's account were to be considered as payments on the amount due from him to the plaintiff. All checks, drafts, certificates of deposit, notes, etc., passing between the plaintiff and the bank, or between plaintiff and the defendant, were, during all these times, kept by the bank and the defendant, and not returned to the plaintiff. This action was commenced in January, 1906, against the defendant to recover $6,046.76, alleged to be due plaintiff from him on account of the $10,625 delivered to him in November, 1898. The defendant claims and alleges in his answer that he has paid to plaintiff in the manner above stated on account of the transaction mentioned in the complaint $476.90 more than was due him, and prays judgment in that amount. The case was tried by the court and a jury, and resulted in a verdict and judgment in favor of the defendant for $463. From this judgment the plaintiff appeals, assigning error in the admission of testimony, and in the giving of instructions. The undertaking on the appeal was served and filed on the 24th of August, 1906, and the transcript was filed with the clerk of this court on September 29th, following.                                        REVERSED.

For appellant there was a brief with oral arguments by *Mr. Leroy Lomax* and *Mr. Gustav Anderson.*

For respondent there was a brief with oral arguments by *Mr. Thomas Harrison Crawford* and *Mr. James Davis Slater.*

MR. CHIEF JUSTICE BEAN delivered the opinion of the court.

1. The defendant moves to dismiss the appeal on the ground that the transcript was not filed within the time allowed by law. The statute requires the transcript on appeal to be filed with the clerk of this court within 30 days after the appeal is perfected: B. & C. Comp. § 553. The appeal is not perfected until the expiration of the time allowed by law to except to the sufficiency of the sureties: *Callahan* v. *Portland, etc., R. Co.* 17 Or. 558 (21 Pac. 870) ; *Cook* v. *Albina,* 20 Or. 190 (25 Pac. 386). The adverse party, or his attorney, is required to except to the sufficiency of the sureties within five days after the

service of the undertaking: B. & C. Comp. § 549, subd. 2. The time in which these several acts shall be done is to be computed by excluding the first day and including the last: B. & C. Comp. § 531. Now, the undertaking was served on the 24th of August. Computing the time for excepting to the sufficiency of the sureties, according to the rule stated, the defendant had all of the 29th in which to file such exceptions. The appeal, therefore, was not perfected until the close of that day. Within 30 days thereafter, the appellant was required to file his transcript. Computing the time by excluding the first day on which the transcript could lawfully have been filed, which was the 30th of August, the 30 days did not expire until the 29th of September; and, as the transcript was filed on that day, it was within the time. The motion to dismiss will therefore be overruled.

2. The first assignment of error is the admission in evidence on behalf of the defendant of a draft for $125, issued by the Farmers' & Traders' National Bank on the First National Bank of Union, payable to the order of the plaintiff, and which was indorsed by and paid to him by the drawee bank. The defendant produced this draft on the trial, and testified that he purchased it of the issuing bank, and sent it to plaintiff at his request, and that it was not charged on the books of the bank to plaintiff. The draft was, therefore, we think, competent in connection with the testimony of the defendant, as tending to show a payment by him to plaintiff, and is corroborative of his oral testimony. The books of the bank, showing the transactions in connection with the draft, would undoubtedly have been more satisfactory evidence than the oral testimony; but that matter affected the weight, and not the competency, of the evidence. If, in fact, defendant purchased the draft with his own money, and forwarded it to the plaintiff, and it was cashed by him and the proceeds appropriated to his own use, it would be a payment by defendant to plaintiff of the amount of such draft. And this is what the evidence tended to show.

3. The second assignment of error is based on the admission as evidence of payment by defendant to plaintiff of a draft

drawn by the plaintiff on the Farmers' & Traders' National Bank, payable to the First National Bank of Baker City. The defendant testified that when this draft was presented for payment to the payee bank: "I took care of it and paid it out of my own funds." But the draft, as offered and admitted in evidence, is not corroborative of this testimony. It shows a transaction between the plaintiff and the drawee bank, and there is stamped on the face of it by the bank the word "Paid." It was evidence of a payment by the bank to plaintiff, but not of the payment of money by defendant to plaintiff or on his account without showing that the draft was not paid from the funds of the plaintiff or that defendant deposited with the bank to plaintiff's credit money with which to take care of it. It was drawn by the plaintiff on a bank in which he had an open account, and paid by such bank, presumably out of the funds of the drawer or charged to his account, and it is not perceived how the defendant, who is the cashier of the bank, can claim credit as against the plaintiff for such payment by simply producing the draft from the bank files and testifying that when presented it was paid by him, without producing the bank records. In the nature of things the draft must have passed through the bank, and its records are the proper evidence of its payment and by whom. The same rule will apply to the draft for $100 drawn by plaintiff on the Farmers' & Traders' National Bank in favor of Will Wright.

4. The third, fourth, fifth and sixth assignments of error relate to the admission in evidence of four promissory notes given by the plaintiff to the Farmers' & Traders' National Bank. These notes were produced on the trial by the defendant marked "Paid" by the bank, and he testified that they were paid by him at the request of the plaintiff or by his authority. They were, therefore, in our opinion, competent evidence, and properly admitted. If the defendant, at plaintiff's request, or by his authority, paid notes due the bank from him, and thus obtained possession of such instruments, they are competent evidence in an action between the plaintiff and the defendant in which such payment is in dispute. The payment of a

negotiable instrument may be made by any person liable thereon or by his agent, and the party making the payment has a right to demand the possession of the instrument: Tiedeman, Com. Paper, §§ 372, 373. If, as defendant testifies, he made the payment as agent of the plaintiff, the possession of the notes with the cancellation of the payee thereon was presumptive evidence that they had been paid and were admissible as such: *State* v. *Brooks*, 85 Iowa, 366 (52 N. W. 240).

5. Assignment No. eight is based on the admission in evidence of three promissory notes made by the plaintiff to the Farmers' & Traders' National Bank for $100, $150 and $200, respectively, and having attached thereto a check of defendant, payable to plaintiff or bearer for $601.31. The defendant testified in relation to these notes and check that on or about October 1, 1903, he had a settlement with the plaintiff, and, at plaintiff's request, took up and paid the three notes by giving the check attached, and that the difference between the amount due on them and the check was paid to plaintiff in cash, and the check charged to his account on the bank books. The notes were properly admitted for the reasons given in the preceding assignment of error. The check was a part of the same transaction, and attached to the notes, and was likewise competent for whatever the jury might consider it worth.

6. To prove certain alleged payments, the defendant testified that on the dates and at the times mentioned, he deposited with the Farmers' & Traders' National Bank certain sums to the credit of the plaintiff, and as evidence of such deposits produced and there were admitted in evidence over plaintiff's objection and exception, sundry memoranda or deposit tags, such as are generally made out by or for a depositor in a bank, and handed in with his deposit book, stating the amount he is depositing. These memoranda or tags were in the handwriting of the defendant, and it does not appear that any of them were ever delivered to or received by the bank, or that the bank in any way became liable to plaintiff on account of such alleged deposits. It is therefore manifest that standing alone they were not competent evidence to show that defendant had paid

money to the bank on plaintiff's account. They were not made
out by the bank or any of its officers for it, and were not ac-
knowledgments or admissions by the bank of the receipt of the
money. The fact that the defendant testified that he took the
slips from the bank files did not make them competent evidence
of the receipt of money by the bank. He was the cashier, had
the custody of the bank's papers and files, and it would have
been an easy matter for him if he had been so disposed to have
made out deposit slips or tags at pleasure, and placed them
among the bank files without the bank in any way being bound
thereby. Before such slips are competent evidence of the pay-
ment of money by the defendant to the bank on plaintiff's
account there should be some showing that the plaintiff had
received credit therefor on the bank books or that the bank had
in some way acknowledged liability for the amount thereof and
become bound to pay the same.

7. The remaining assignments of error relate to the instruc-
tions of the court. It is unnecessary, in view of a new trial, to
notice any of them except the one that "as to items claimed as a
defense here by Mr. Scriber, if a defense here, they cannot be
legally claimed as a defense by the bank in its action." This
instruction, while it may be sound as an abstract proposition of
law, was, we think, improper and misleading to the jury. It
appeared that during the transactions in dispute between the
plaintiff and the defendant, the plaintiff had an account with
the bank, and that there was a controversy between him and the
bank as to the state of such account. The instructions, as
given, would probably lead the jury to believe that it was not
very important whether the defendant satisfactorily made out
his defense of payment, because plaintiff would receive credit
on his account with the bank with any amount they might allow
the defendant and, therefore, could not be injured. The bank,
however, was not a party to this action, and would not be
bound in any way by the result. Any credit the jury might
allow the defendant for money alleged to have been paid to him
by the bank for plaintiff's benefit would not preclude the bank
from denying such payment, unless it had in fact been made

or the bank had become liable to plaintiff therefor. The fact that the plaintiff was at the same time dealing with the defendant in his individual capacity, and as cashier of the bank, renders it difficult to keep the several transactions separate; but it is important for the rights of all parties that it should be done as nearly as possible.

It follows from these views that the judgment of the court below must be reversed, and the cause remanded for a new trial.                                                          REVERSED.

Decided 2 July, 1907.

ON REHEARING.

For appellant there was an oral argument by *Mr. Leroy Lomax*.

For respondent there was an oral argument by *Mr. James Davis Slater*.

PER CURIAM: A reargument and re-examination of the question, as to whether the transcript in this case was filed within the time provided by law, has confirmed us in the conclusion heretofore reached. Upon an appeal being perfected, the appellant shall, within thirty days thereafter, file with the clerk of the appellate court his trascript, etc.': B. & C. Comp. § 553. From the expiration of the time allowed to except to the sufficiency of the sureties in the undertaking, or from the justification thereof, if excepted to, the appeal shall be deemed perfected: § 549. No exceptions were filed to the sufficiency of the sureties in this case, but the time in which to file such exceptions did not expire until the last moment of the 29th of August, and, therefore, the appeal was not perfected so that the appellant could have filed his transcript until the first moment of the following day or the 30th. Excluding the 30th, the date on which the appeal was perfected, the time in which to file the transcript expired on the 29th of September, and as it was filed on that date, it was within time. Former opinion adhered to.

REVERSED: AFFIRMED.