Opinion
Per Curiam.
1. Tbe first ground of tbe motion is based upon the proposition that on tbe 1st day of July, when tbe order was made enlarging tbe time to file tbe transcript, tbe undertaking bad not been filed and tbe appeal bad not been perfected. The statute reads:
“Tbe trial court or tbe judge thereof, or the Supremé Court or a justice thereof, may, upon such *581 terms as may be just, by order enlarge tbe time for filing the same [abstract]; but such- order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal”: Laws 1913, p. 619.
The contention made that this order can only be made after the appeal has been perfected and before the time «to file the transcript has expired we think not sound. This construction is far too narrow. The context shows that it was meant that the order should be made before the time had expired to file the transcript, and not to restrict it to the time after the appeal had been perfected. We think .this order was made within the proper time.
2. The second contention that the undertaking was not filed within the proper time is answered by decisions of this court in a number of cases, the last of which was Pringle Falls Power Co. v. Patterson, 65 Or. 476 (128 Pac. 820). The time within which an act must be done is computed by excluding the first day and including the last; and if we exclude the 23d, the undertaking was served and filed within. 10 days.
3. The third contention that the abstract was not filed within the time is answered by the same computation.
4. The last contention that no transcript of the original proceedings has been filed is without merit. Laws of 1913, Chapter 335, provide:
“When an appeal is perfected the original pleadings and original bill of exceptions shall be sent by the clerk, or other proper officer of the trial court, to the clerk of the Supreme Court or appellate court.”
The original bill of exceptions was filed with the transcript, and this is all that can possibly be of any benefit to any of the parties. To bring up all the mo *582 tions, summons and other papers that are filed in the court below would simply entail a burden upon the court below, as well as upon the clerk of this court, and would serve no useful purpose. The pléadings are required to be copied in the abstract, and are so done in this case; and, if the clerk of the court below has not seen fit to send these original papers up, we cannot see that anybody is injured. If counsel for respondent desires them, he can have them sent here.
Department 1. Statement by Mr. Justice Burnett.
The complaint here alleges, in substance, that the plaintiffs, being indebted to the defendant, made, executed and delivered to it an instrument which was in form a warranty deed conveying to the defendant certain lands in Clarke County, Washington, but that, in fact, the conveyance was intended by both parties to be a security for the liquidation of the indebtedness, which being accomplished, the title should be returned to the plaintiffs. It is also stated that it was “further understood and agreed at said time between the plaintiffs and defendant that said defendant should have the power to convey said premises and account to plaintiffs for the proceeds.” It is charged that afterward the bank carelessly, negligently and without properly investigating the matter sold or traded the premises for property located in Idaho, to the damage of the plaintiffs in the sum of $4,300. A general demurrer to the complaint was overruled. The defendant answered, raising certain issues not necessary to consider at present, and a jury trial resulted in a judgment in favor of the plaintiffs for damages, from which the defendant appeals.
*582 The motion to dismiss the appeal is denied.
Motion Denied.