Argued at Pendleton May 7; affirmed June 25, 1935

PAYNE *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION
(46 P. (2d) 581)

*Miles H. McKey,* Assistant Attorney General (I. H.
Van Winkle, Attorney General, and Victor R. Griggs,
Assistant Attorney General, on the brief), for ap-
pellant.

*Roscoe Krier,* of The Dalles (Francis V. Galloway, of The Dalles, on the brief), for respondent.

KELLY, J. The State Industrial Accident Commission appeals from a judgment in favor of plaintiff. The only question presented is whether the circuit court had jurisdiction on plaintiff's appeal from the final order of the commission, denying and overruling plaintiff's application for rehearing.

This order was made and a copy thereof mailed to plaintiff on October 15, 1932.

Section 49-1843, Oregon Code 1930, among other things, then provided:

"Within thirty days after a copy of the final order of the commission upon such application for rehearing has been mailed claimant * * * claimant may appeal to the circuit court. * * * Such appeal shall be perfected by filing with the clerk of the court a notice of appeal in the form of a complaint as provided in civil actions at law, and by serving a copy thereof by registered mail on the commission."

In computing the time within which an appeal may be prosecuted, the day following the entry of a judgment is to be excluded: *Sevich v. State Industrial Accident Commission,* 142 Or. 563 (20 P. (2d) 1085), and authorities there cited. Applying this rule, November 15, 1932, was the last day on which plaintiff herein could have perfected this notice of appeal.

Section 7-404, Oregon Code 1930, provides:

"In the case of service by mail, the copy may be deposited in any postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service shall be deemed to be made on the first day after the deposit in the postoffice that the mail leaves the place of deposit for the place of address, and not otherwise."

The record discloses the following affidavit of service:

"State of Oregon,⎱ ss.
  County of Wasco.⎰

I, C. L. Gavin, being first duly sworn, do hereby certify that I served the within notice of appeal by registered mail upon the defendants, The State Industrial Accident Commission, by mailing the same on the 14th day of November, 1932, addressed to said defendant at Salem, Oregon, with postage fully prepaid.

(Signed) C. L. Gavin."

(The jurat is appended, but not copied herein.)

Upon oral argument, it was suggested that this affidavit should have stated that the notice and complaint were deposited in the post office. Whatever the rule might be, if nothing further than merely this affidavit constituted the record of service, we are not so restricted in this case.

■ The postmaster at The Dalles identified the record of registry in the post office there. This record discloses that on November 15, 1932, the notice of appeal and copy of complaint were registered in said post office and dispatched on the same day. The mailing clerk of the State Industrial Accident Commission testified that said notice and complaint were received by said commission on the 16th day of November, 1932.

The envelope containing said notice and complaint was introduced in evidence disclosing not only the requisite postage thereon, the address of the commission and the return card of the attorneys then representing plaintiff, but also the following notation, "REGISTERED MAIL Return receipt requested."

It is plain therefore that on the 14th day of November, 1932, the notice and copy of the complaint were

deposited for registry and mailing in the post office at The Dalles, postage fully prepaid and plainly addressed to defendant; that the first day thereafter upon which the mail left The Dalles was the 15th day of November, 1932, which, as stated, was the last day upon which plaintiff could make the required service of his notice of appeal.

No error was committed in overruling defendant's motion to dismiss plaintiff's appeal.

The judgment of the circuit court is affirmed.

CAMPBELL, C. J., not sitting.