Motion to dismiss appeal denied January 26; argued on merits
April 1; affirmed April 20, 1937

IN RE LOSIE'S ESTATE

LOSIE ET AL. *v.* LOSIE

(64 P. (2d) 525, 66 P. (2d) 1175)

*A. W. Schaupp*, of Klamath Falls, for the motion.

*Morris & Chastain*, of Klamath Falls, and *W. K. Royal*, of Portland, contra.

BEAN, C. J. Respondent Rose E. Losie, executrix of the estate of James E. Losie, deceased, filed a motion in the above entitled cause and court, asking that the appeal be dismissed on the ground that appellants failed to file their transcript in the supreme court within the time provided by statute, which is 30 days from the time of perfecting the appeal.

■ The order approving the final account of the executrix was filed in the circuit court for the state of Oregon on the 28th day of August, 1936. On October 27, 1936, Howard Losie and Mildred Losie, creditors of the above-named estate, filed a notice of appeal to the supreme court. On October 29, 1936, appellants filed an undertaking on appeal with A. K. Royal, as surety, to which exceptions were filed. On November 5, 1936, appellants served and filed an undertaking on appeal with the National Surety Corporation, as surety

thereon. This was within ten days from the time of serving and filing the notice of appeal, as provided by section 7-503, Oregon Code 1930. Respondent had five days, or up to and including November 10, after the filing of such undertaking, to except to the sureties thereon. No exceptions were filed. Therefore, by virtue of the said section, from the expiration of the time allowed to except to the sureties in the undertaking, the appeal was deemed perfected. See § 7-109, Oregon Code 1930; *Boothe v. Scriber*, 48 Or. 561 (87 P. 887, 90 P. 1002); *Vincent v. First Nat. Bank*, 76 Or. 579 (143 P. 1100, 149 P. 938); *Re Application of Riggs*, 105 Or. 531 (207 P. 175, 210 P. 217).

The first day for filing the transcript of record was November 11, 1936. Thirty days thereafter would be December 11, 1936. § 7-507, Oregon Code 1930. The transcript of record in the cause was filed in this court on December 8, 1936, which was well within the time allowed by statute. The undertaking was approved by the judge November 6, 1936. It is stated in the brief on the motion to dismiss that respondent on November 6 waived his objections to said undertaking. There was no notice of such waiver served upon appellants, and we think it did not curtail or change the time allowed to except to the sureties or hasten the date when the appeal was deemed perfect, or change the date from which the 30-day period for filing the transcript would begin to run.

The motion to dismiss must be denied. It is so ordered.

Argued April 1; affirmed April 20, 1937

On the Merits

(66 P. (2d) 1175)

*W. K. Royal*, of Portland, for appellants.

*Arthur W. Schaupp*, of Klamath Falls, for respondent.

CAMPBELL, J. This is an appeal from the order of the circuit court for Klamath county, sitting in probate, approving and settling the final account in the estate of James E. Losie, deceased.

The only record before this court showing what proceedings were had in this matter is the final account of the executrix, the amended objections thereto, the order approving the final account and an affidavit by one of appellant's counsel, there being no bill of exceptions or transcript of testimony.

In her final account, which was filed on July 24, 1936, the executrix states the following facts: On March 15, 1935, James E. Losie died testate in Klamath county, Oregon. His widow, Rose Losie, was named executrix by the terms of his will and thereupon quali-

fied. The personal property of the estate consisted of a one-half interest in certain cattle and other personal property. There was no real property. The cattle were sold for $1,288.50.

Howard Losie and Mildred Losie, appellants herein, filed a claim against the estate, evidenced by a promissory note in the sum of $2,890, dated October 31, 1930, with interest thereon at 7 per cent per annum. Said claim was presented to the executrix and rejected by her. Thereafter the circuit court allowed the claim in full.

[By virtue of Chapter 240, Oregon Laws 1935, which became effective on June 12, 1935, the probate business of Klamath county was transferred from the county court to the circuit court.]

While the estate was under the jurisdiction of the county court, appellants herein filed a petition to remove Rose Losie as executrix of the estate which petition was denied. Appellants appealed to the circuit court where the order of the county court was affirmed.

On August 27, 1936, the appellants filed their amended objections to the final account in which they alleged that certain personal property belonging to said estate has not been accounted for by the executrix and that the appellants filed a suit in equity in the circuit court for Klamath county praying that Rose Losie turn over and account for all the property listed in the amended objections as belonging to the estate, and in which the executrix claimed a one-half interest for herself individually, and also that she account for other property that had not been included in the inventory; "That the said suit is filed in this Court bearing Equity No. E-4746 and the complaint therein

is hereby referred to and made a part hereof by reference thereto.'' They asked that the hearing on the final account be postponed until the final determination of the equity suit. The appellants further objected to the settling of the final account for the reason that the executrix had failed to comply with the order of the county court, made before the jurisdiction of the matter had been transferred to the circuit court, to the effect that the executrix pay the court reporter the sum of $10. We need not consider this last objection further as the court reporter is not complaining.

The court made the following order approving and settling the final account:

"The Court having entered an order setting Friday, the 28th day of August, 1936, at the hour of 10:00 A. M. as the time for hearing objections to the final account, filed by the said executrix * * *.

It further appearing to the Court that Howard Losie and Mildred Losie have filed objections to the final account of said executrix, the said objections having been filed herein on the 27th day of August, 1936; it further appearing that amended objections were filed by the said Howard Losie and Mildred Losie on the 28th day of August, 1936, at the hour of 10:00 A. M.; and the Court having heard the objections thereto, and the argument of counsel, makes the following findings, to-wit:

That the objection set forth in paragraph one, with reference to the amount of the claim of the said Mildred Losie, shall be, and the same is hereby sustained and the said executrix is hereby directed to amend said final account by inserting therein the sum of Twenty Eight Hundred Ninety ($2890.00) Dollars * * *

That the objections set forth in paragraphs two, three, four and five to the final account shall be, and the same are hereby disallowed on the ground and for the reason that objectors have failed to introduce any testimony, or proof, in support of said objections.

\* \* \* it further appearing to the Court that the executrix has disposed of all of the property belonging to said estate, the personal property consisting of farm machinery, etc., having been disposed of, either by sale, or said property was in such condition that the same could not be sold, all as more fully appears from a letter attached to the final account, and it now appearing to the Court that all of the matters in connection with said estate have been fully and finally settled, that there still remains unpaid claims of creditors as follows:

Jesse N. Drew _____$ 99.00
Mildred Losie _____ 2890.00

That the assets of said estate have been exhausted, with the exception of the $139.56; it further appearing that the said sum of $139.56 is necessary for the payment of the expenses of administration, namely: the sum of seven and 50/100 ($7.50) Dollars for publishing notice of final account, and the further sum of Two Hundred Fifty ($250.00) Dollars attorney's fees, and the Court being fully advised in the premises; it is

CONSIDERED, ORDERED, ADJUDGED AND DECREED, as follows:

That the final account of Rose E. Losie, executrix shall be, and the same is in all respects ratified and approved.

It is further ordered that from the assets remaining in said estate, the said executrix pay the sum of $7.50 for publishing notice of final account, and the balance shall be paid to A. W. Schaupp, to be applied upon his attorney's fees in said matter.

The said executrix having accounted for all of the property described in the inventory filed by her, it is further ordered that the said executrix shall be released from all further liability as executrix and the surety on her bond shall be, and they are hereby released from any further liability upon their bonds on filed herein.''

From the order settling and approving the final account, the objecting creditors appeal.

The appellants contend that the court erred in settling and approving the final account while the equity suit above mentioned was pending in the circuit court.

■ It will be observed that no copy of the complaint in the equity suit was attached to the objections. A pleading must be complete in itself and when matters are attempted to be included by reference it cannot be done by merely referring to a document not in the instant suit without attaching a copy of the document referred to and making it a part of the pleading.

■ The notice of appeal was filed on October 27, 1936. The undertaking on appeal was filed November 5, 1936. There appears to have been no objection made to the undertaking and the appeal therefore became perfected five days thereafter: § 7-503, Oregon Code 1930. On December 7, 1936, one of counsel for appellants filed in the circuit court for Klamath county an affidavit to the effect that he appeared in the probate court of Klamath county on the day and hour set for the hearing of objections to the final account and that at that time he specifically called the court's attention to the different items objected to and that he requested the court to continue the hearing so as to give his co-counsel, whose office is in Portland, Oregon, [and who appeared to be trying the case by "remote control"] an opportunity to be present and present evidence in support of the objections. This affidavit is no part of the record in this case, having been filed in the circuit court for Klamath county after the appeal to this court had been perfected. The code provides how a continuance in any cause may be taken: § 2-107, Oregon Code 1930. There is nothing in the record before us to show compliance in any respect with the

statute providing for a continuance. No motion for continuance was filed nor was any affidavit made showing why the cause should be continued. Continuance of a cause is usually a matter of discretion of the trial judge and his action thereon will not be reviewed unless for an abuse of discretion. In the absence of a motion and affidavit showing why a continuance is necessary, and showing what testimony would be produced if a continuance were granted, we cannot say that the court abused its discretion in refusing such continuance.

The court, in its order approving the final account, refers to a letter attached to the final account. Said letter was not made a part of the record sent to this court.

On the record presented here, we cannot say as a matter of law that the trial court erred in approving and settling the final account.

The order of the trial court will be affirmed.

It is so ordered.

BEAN, C. J., and BAILEY and RAND, JJ., concur.