Argued September 10; reversed September 17; rehearing denied
September 27, 1940

# OSBORNE *v.* ZIMMERMAN
(105 P. (2d) 1097)

*Wilber Henderson*, of Portland (Platt, Henderson, Warner & Cram, of Portland, on the brief), for appellant.

*Albert Streiff*, of Portland (Emil Slovarp, of Portland, and Carl H. Francis, of Dayton, on the brief), for respondent.

KELLY, J.   This is a proceeding instituted by Mr. W. R. Osborne, plaintiff, for the purpose of contesting the nomination, at the primary election held on May 17, 1940, of Mr. Peter Zimmerman, defendant, as a republican candidate for representative from Yamhill county, in the House of Representatives in the state of Oregon.

Both Mr. Osborne and Mr. Zimmerman were candidates for that nomination at such primary election.

The proceeding was dismissed by the trial court upon motion of defendant for the reason notice of such contest was not served upon defendant within the time required by section 36-802, Oregon Code 1930.

From the order of dismissal plaintiff appeals.

1. In order to determine the time within which notice of contest herein should have been served, we are required to construe the section of the code, above cited, which is as follows:

"36-802. Notice of contest—Time limit.—Any person wishing to contest the nomination of any other person to any state, county, district, township, precinct or municipal office, may give notice in writing to the person whose nomination he intends to contest that his nomination will be contested, stating the cause of such contest briefly, within five days from the time said person shall claim to have been nominated. [L. 1905, ch. 1, § 34; L. O. L. § 3382; O. L. § 3992.]

It seems clear that with reference to candidates for nomination at a primary election the time when any one of them claims to have been nominated must be the day of the primary election.

It would lead to confusion worse confounded to construe the statute to mean that the notice could be made within five days after a claim by one or the other of the parties had been asserted, or declared. If it were construed that the date of the assertion of such a claim by plaintiff should be the time after which the prescribed five-day period should begin, such party by merely repeating his assertion could indefinitely prolong the prescribed period. If, on the other hand, the time when the defendant makes such a claim is to control, all that would need to be done to accomplish

the same result would be to have some one ask him if he claimed the nomination. Unquestionably the answer would be a claim to that effect.

The parties hereto seem to construe that statute as if the words "from the time" were omitted, and in lieu thereof the word, after, inserted; and the word, first, inserted between the words "shall", and "claim", making the clause read "within five days after the said person shall first claim to have been nominated". We think that such a construction is not warranted.

Similar language was construed in the case of *Whitney v. Blackburn*, 17 Or. 564, 566, et seq. 21 P. 874, 11 Am. St. Rep. 857. There the election law was being considered. [Section 36-1801, Oregon Code 1930]. This court, speaking through the late Mr. Justice LORD, said:

"It will be noted that the provision is silent when the notice of contest shall be filed.

The defendant contends that the notice must not only be served, but must also be filed within thirty days. It was not filed until the twenty-third day of August, nearly fifty days thereafter.

By reference to the cases decided in this court, the practice has been to file the notice within thirty days, and such undoubtedly has been the construction given to the statute by the profession.

In Minnesota there was a like statute, and from which it is supposed our statute was taken, although it may have been from some other state, and the only construction which the courts of that state has (have) ever given to the provision (sec. 2544) just cited, which has been brought to our observation, is found in Waller v. Bancroft, 4 Minn. 110, wherein Flandrau, J., said: 'This proceeding is instituted by the service of a notice by the party desiring to contest, upon the party in possession, within thirty days after the election.' "

In the Oregon case it is declared that in the opinion of the court the notice must be served and filed within thirty days; and it will be seen from the foregoing quotation that the period of thirty days is held to begin from the date of the election. This holding was declared "for future guidance in such proceedings."

The name of the plaintiff in the Minnesota case is misspelled in the quoted portion of the Oregon case. The Minnesota case is *Whallon v. Bancroft*, 4 Minn. 109, 110.

It is interesting to note that in 1851, the territorial legislature of Minnesota adopted the statute construed in *Whallon v. Bancroft*, supra, while the Oregon territorial legislature of 1853 enacted a similar statute. Stat. of Minn. 1851, p. 54; Stat. of Or. 1853, p. 60.

The election law construed in *Whitney v. Blackburn*, supra, was enacted by the state legislature of Oregon in 1870. The decision in *Whallon v. Bancroft*, supra, was rendered in 1860.

Whatever prompted the territorial legislature to use the phrase "from the time said person shall claim to have been elected," certainly it may be plausibly suggested that the framers of the Direct Primary Nominating Election law preferred to employ that language rather than to say from the time of the primary election or the filing of the nominating petition, or the holding of the nominating assembly, or the meeting of the central committee, as the case may be, at which said person shall claim to have been nominated.

Nomination by petition and by assembly was authorized thirteen years before the enactment by the voters of the Direct Primary Nominating Election law. Laws of Oregon, 1891, p. 8, et seq. Chap. 10, Oregon

Code 1930. Nomination by the central committee of a political party in case of a vacancy caused by death, resignation or removal is authorized by the Direct Primary Nominating Election law. (Sec. 43, ibid.)

The statute to which we are giving consideration was enacted by the voters of the state at the general election held on June 6, 1904. It is section 34 of the Direct Primary Nominating Election law. General Laws of Oregon, 1905, p. 7, et seq. We adhere to the construction announced in *Whitney v. Blackburn,* supra.

■ Our attention has been called to section 7-109, Oregon Code 1930, which, among other things, provides that the time within which an act is to be done, as provided in this code, shall be computed by excluding the first day and including the last unless the last day fall upon Sunday, Christmas, or other nonjudicial day, in which case the last day shall also be excluded.

As stated, the primary election occurred on May 17, 1940. The notice of contest was served on May 23, 1940.

Within five days after primary election day the plaintiff was required to serve and file his notice of contest. Computing the time by excluding the first day on which the notice of contest could lawfully have been filed, which was the 18th day of May, 1940, the five days did not expire until May 23, 1940; and, as the notice of contest was filed on May 22 and served on May 23, 1940, it was both filed and served within the prescribed time. *Re Anderson's Estate,* 101 Or. 94, 188 P. 164; *Phillips v. Elliott,* 144 Or. 694, 17 P. (2d) 1119; *Boothe v. Scriber,* 48 Or. 561, 87 P. 887; *Vincent v. First Nat. Bank,* 76 Or. 579, 143 P. 1100, 149 P. 938; *Re Application of Riggs,* 105 Or. 531, 207 P. 175, 210 P. 217; *In re Losie's Estate,* 156 Or. 207, 64 P. (2d) 525; *Walling v. La Follette,* 76 Or. 497, 134 P. 1192; *U. S.*

*Nat. Bank v. Shefler,* 77 Or. 579, 143 P. 51; *Nealan v. Ring,* 98 Or. 490, 184 P. 275; *Pringle Falls Power Co. v. Patterson,* 65 Or. 474, 128 P. 820, 132 P. 527; *Sevich v. State Ind. Acci. Comm.,* 142 Or. 563, 20 P. (2d) 1085; *Payne v. State Ind. Acci. Comm.,* 150 Or. 520, 46 P. (2d) 581; *Sherwood v. State Ind. Acci. Comm.,* 164 Or. 674, 103 P. (2d) 714.

The case of *Price v. Russell,* 154 Ky. 824, 159 S. W. 573, cited by defendant, applies the rule that where the time is counted from the day, the day is not included, but where it is counted from an act, the day on which the act is done is included. In the case at bar, we hold that the time should be computed from the day of the primary election. No act is involved. In fact the nomination is challenged, not conceded. We therefore exclude the day of the primary from the computation and treat the following day, namely, May 18, as the first day to be considered in making the computation. Under the statute, as the first day of the computation, May 18 must be excluded. We find nothing in *Whitney v. Blackburn,* supra, inconsistent with this principle.

■ It is urged by defendant that because of the alleged failure to state grounds for contest in plaintiff's notice of contest, this proceeding should be dismissed.

In *Allen v. Cryer,* 77 Cal. App. 605, 247 P. 252, cited by defendant, it appears that an amended statement of contest was filed. It is not clear from the opinion whether in the trial court a demurrer was filed thereto or merely to the original statement of contest; but the right of amendment was recognized and invoked by the contestant.

In the instant case the only attack upon plaintiff's notice of contest made in the trial court was based upon the assumption that it was not filed or served within

the statutory time. No contention was there made that the notice should be made more definite and certain or that it failed to state facts sufficient to constitute grounds for contest. We think that the notice is defective in its attempted statement of plaintiff's alleged grounds of contest; but we think that an opportunity should be afforded plaintiff to apply to the trial court for permission to amend.

For these reasons, the judgment of the circuit court is reversed and this proceeding is remanded for such further proceedings as are not inconsistent herewith.

BEAN and ROSSMAN, JJ., not sitting.

Petition for rehearing denied September 27, 1940

ON PETITION FOR REHEARING

BAILEY, J. In order not to delay unnecessarily the further proceedings in this matter in the circuit court, a petition for rehearing filed on behalf of Mr. Zimmerman was orally denied September 27, 1940, and the rendering of a written opinion was deferred until this time.

In the petition it is argued that this court, in computing the time within which a contestant shall serve notice of contest, has in effect overruled numerous precedents and established a new rule of computation.

With regard to the provision in § 36-802, Oregon Code 1930, that the contestant must give notice "within five days from the time said person shall claim to have been nominated", our former opinion stated:

"It seems clear that with reference to candidates for nomination at a primary election the time when any one of them claims to have been nominated must be the day of the primary election."

In reaching the conclusion that the notice here involved was served and filed within the statutory period, we observed:

"Within five days after primary election day the plaintiff was required to serve and file his notice of contest. Computing the time by excluding the first day on which the notice of contest could lawfully be filed, which was the eighteenth day of May, 1940, the five days did not expire until May 23, 1940; and, as the notice of contest was filed on May 22 and served on May 23, 1940, it was both filed and served within the prescribed time."

■■ It is not within the contemplation of the law (§ 36-802, *supra*) that election contests may be initiated on election day. The polls are not closed until eight o'clock in the evening of that day. Moreover, May 17, 1940, the day on which the primary election was held, was a legal holiday (§ 57-1104, Oregon Code 1930) and consequently a non-judicial day (§ 28-1703, Oregon Code 1930) and a day on which the sheriff's office (§ 31-301, Oregon Code 1930) and the county clerk's office (§ 31-203, Oregon Code 1930) were not open for the transaction of business. Therefore, it is apparent, as stated in our former opinion in this case, that the first day on which the notice could legally be served and filed was May 18, 1940.

■ In computing time pursuant to § 7-109, Oregon Code 1930, this court has invariably excluded the first day on which an act could be done, and consequtntly, since May 18, 1940, was the first day on which the acts of serving and filing notice of contest could be done, that day should be excluded when computing the five days within which to initiate a contest.

In the case before us we are not concerned with the computation of time from the doing of a certain act,

but from a fixed date. The importance of this distinction is apparent from a reading of *Boothe v. Scriber*, 48 Or. 561, 87 P. 887. Involved in that instance was a computation of time in reference to excepting to the sufficiency of sureties on an undertaking, and to the time within which a transcript should be filed. In computing the time within which the respondent had to except to the sureties, the day on which the undertaking was served was excluded, and the following day counted. To determine the time within which the transcript on appeal should have been filed, the court excluded the first day on which it could legally have been filed. The following excerpt from the opinion therein makes clear the distinction above mentioned:

"Now, the undertaking was served on the twenty-fourth of August. Computing the time for excepting to the sufficiency of the sureties, according to the rule stated, the defendant had all the twenty-ninth in which to file such exceptions. The appeal, therefore, was not perfected until the close of that day. Within thirty days thereafter, the appellant was required to file his transcript. Computing the time by excluding the first day on which the transcript could lawfully have been filed, which was the thirtieth of August, the thirty days did not expire until the twenty-ninth of September; and, as the transcript was filed on that day, it was within the time."

Similar holdings are announced in *Pringle Falls Power Company v. Patterson*, 65 Or. 474, 128 P. 820, 132 P. 527; *In re Losie's Estate*, 156 Or. 207, 64 P. (2d) 525, 66 P. (2d) 1175; and *Sherwood v. State Industrial Accident Commission*, 164 Or. 674, 103 P. (2d) 714.

In the instant case this court applied the rule laid down in *Boothe v. Scriber*, supra, and followed in the subsequent decisions hereinabove cited, that the first day on which an act could be done was to be excluded

from computation of the time allowed for doing such act, with the result that the first day on which the notice of contest herein could have been served and filed, to-wit, May 18, 1940, was not counted as one of the five days allowed for the service of notice of contest.

It was not the intention of this court in the preceding opinion herein to overrule its former decisions as to the computation of time within which an act is to be done, nor to extend to computation of time in other matters the rule which has been applied to the computation of time for giving notice of appeal to the supreme court. Many of the adjudications cited in the prior opinion have reference to such latter mode of computation, which has been adhered to, in regard to appeals, on the ground of *stare decisis*: *In re Andersen's Estate*, 101 Or. 94, 188 P. 164, 198 P. 236.

The other matters referred to in the petition for rehearing were fully covered in our former opinion and need not again be discussed. For the reasons herein expressed the petition for rehearing was denied.

ROSSMAN and BEAN, JJ., not participating.