## BOISE ARTESIAN HOT AND COLD WATER COMPANY, LIMITED, *v.* BOISE CITY. (NO. 2.)

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 313. Argued May 7, 8, 1913.—Decided June 16, 1913.

Where jurisdiction of the Circuit Court is invoked wholly on diverse citizenship but in the course of the case a constitutional question arises, the unsuccessful party may bring the case direct to this court under § 5 of the Judiciary Act of 1891 or, at his election, he may carry it to the Circuit Court of Appeals which may either certify the question to this court or decide it.

The Judiciary Act of 1891 does not contemplate two reviews in cases in which jurisdiction of the Circuit Court is invoked wholly on diverse citizenship even as to the constitutional questions which may arise, and the judgment of the Circuit Court of Appeals deciding such a case is final.

Writ of error to review 186 Fed. Rep. 705, dismissed.

THE facts, which involve the jurisdiction of this court of appeals from the Circuit Court of Appeals under the Judiciary Act of 1891, are stated in the opinion.

*Mr. Richard H. Johnson,* with whom *Mr. Richard Z. Johnson* was on the brief, for plaintiff in error.

*Mr. Charles C. Cavanah* and *Mr. Charles F. Reddoch,* with whom *Mr. John J. Blake* and *Mr. John F. Maclane* were on the brief, for defendant in error.

MR. JUSTICE LURTON delivered the opinion of the court.

This is a writ of error seeking to review a judgment of the Circuit Court of Appeals of the Ninth Circuit, reversing and remanding for a new trial a judgment of the Circuit Court for the District of Idaho, for "license fees" or rentals claimed to be due to Boise City under ordinance No. 678, which had accrued prior to the claim involved in cases Nos. 573 and 639, argued with this case and disposed of by an opinion just handed down.

This writ of error must be dismissed. The jurisdiction of the Circuit Court, as shown by the plaintiff's pleading, depended upon diversity of citizenship, and upon that ground the Water Company removed the action from the state court to the Circuit Court of the United States. One of the defenses of the Water Company, asserted in its answer, was that it had by purchase and agreement succeeded to grants to street easements which had not expired, and that ordinance No. 678 of June 7, 1906, imposing upon it a license fee or rental for the use and occupation of the streets of the city with its pipes and appliances for the distribution of water, was in derogation of the street rights theretofore granted, and void as in contravention of Article I, § 10 of the Constitution of the United States, and in violation of the Fourteenth Amendment thereto. This claim was denied and the ordinance held valid. Upon that and other issues in the case the Circuit Judge found for the plaintiff, the facts being stipulated and a jury waived. The case was therefore one

in which jurisdiction had been invoked wholly upon diversity of citizenship, but in the course of the case there arose a question as to the constitutionality of the ordinance which was the foundation of the plaintiff's right. The unsuccessful party had, therefore, a right to bring the case direct to this court, or, at its election, carry it to the Circuit Court of Appeals. It elected the latter course. The Circuit Court of Appeals might have certified the question to this court, or it might decide it along with the other questions in the case. But from its judgment no writ of error will lie to this court, as the Judiciary Act of 1891 does not contemplate two reviews, one by the Circuit Court of Appeals and another by this court in such cases. *Robinson* v. *Caldwell*, 165 U. S. 359; *Loeb* v. *Columbia Township*, 179 U. S. 472; *Macfadden* v. *United States*, 213 U. S. 288.

*For this reason the writ of error must be dismissed.*