# ITOW AND FUSHIMI *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES, DIVISION NO. I, TERRITORY OF ALASKA.

No. 714.   Argued April 8, 1914.—Decided May 11, 1914.

Judicial Code, § 134, governing the right to review cases in the District of Alaska, changed the general rule of the prior law by taking capital cases out of the class which could come to this court directly because they were capital cases and by bringing such cases within the final reviewing power of the Circuit Court of Appeals of the Ninth Circuit.

Under § 247, Judicial Code, this court has power to review directly the action of the District Courts of Alaska practically in the same classes of cases as were provided in § 5 of the Judiciary Act of 1891.

As the record in this case does not show that any reliance was placed,

or that any exceptions were based, on the Constitution in the court below, the assignments are inadequate to give this court jurisdiction of a direct appeal from the District Court for Alaska in a capital case. Although under §§ 134 and 247, Judicial Code, the right to direct review on a constitutional question is confined to cases where the question was raised in the court below, this court still has power to pass upon the question either by certificate from the Circuit Court of Appeals or by certiorari from this court, if in its judgment the question was of sufficient importance to warrant issuing the writ.

THE facts, which involve the jurisdiction of this court to review judgments of the District Courts of Alaska in capital cases and the construction of § 134, Judicial Code, are stated in the opinion.

*Mr. Assistant Attorney General Adkins,* with whom *The Solicitor General* and *Mr. Karl W. Kirchwey* were on the brief, for the United States.

*Mr. J. H. Cobb,* for plaintiffs in error, submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

By an indictment found in the court below on the thirteenth of December, 1912, the plaintiffs in error, Itow and Fushimi, were charged with having murdered one Frank Dunn, on the fourteenth day of July, 1912, and to a verdict of murder and sentence of death against Itow and of manslaughter and sentence of 20 years imprisonment against Fushimi this direct writ of error is prosecuted.

The Government moves to dismiss for want of jurisdiction and at the threshold that motion requires to be disposed of. The crime charged was committed after the enactment of the Judicial Code and there is no question as to the applicability of its relevant provisions. By § 134 of

that Code governing the right to review cases in the district of Alaska or any division thereof, power is conferred on the Circuit Court of Appeals of the Ninth Circuit to review, and its judgments in such cases are made final, all cases including all criminal cases "other than those in which a writ of error or appeal will lie direct to the Supreme Court of the United States as provided in Section two hundred and forty-seven." It is obvious that this section changed the general rule of the prior law by taking capital cases out of the class which could come because they were capital cases directly to this court, and by bringing such cases within the final reviewing power of the Circuit Court of Appeals of the Ninth Circuit.

Section 247 which, as pointed out in § 134, defines the cases which are excepted from the general rule provided by § 134, gives authority to this court to directly review the action of the District Courts of Alaska "in prize cases; and in all cases which involve the construction or application of the Constitution of the United States, or in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority is drawn in question, or in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States."

These provisions being but a reëxpression of the language by which the subject of direct review by this court was governed as provided in the fifth section of the Judiciary Act of March 3, 1891 (c. 517, 26 Stat. 826, 827), the settled meaning which was affixed by the decisions of this court to the provisions as found in the act of 1891 necessarily determine the significance of the provisions of the section under consideration.

In *Ansbro* v. *United States,* 159 U. S. 695, where it became necessary in a criminal case to determine whether there was a right to come directly to this court from a Circuit Court of the United States in virtue of the

provisions of the fifth section of the act of 1891, the court, speaking through Mr. Chief Justice Fuller, said (p. 697):

"The jurisdiction of this court must be maintained then, if at all, on the ground that this is a case 'that involves the construction or application of the Constitution of the United States,' or 'in which the constitutionality of any law of the United States is drawn in question.' But we cannot find that any constitutional question was raised at the trial. Motions to quash, to instruct the jury to find for the defendant, for new trial, and in arrest of judgment were made, but in neither of them, so far as appears, nor by any exception to rulings on the admission or exclusion of evidence, nor to instructions given or the refusal of instructions asked, was any suggestion made that defendant was being denied any constitutional right or that the law under which he was indicted was unconstitutional. The first time that anything appears upon that subject is in the assignment of errors, filed February 13, 1895.

"A case may be said to involve the construction or application of the Constitution of the United States when a title, right, privilege, or immunity is claimed under that instrument, but a definite issue in respect of the possession of the right must be distinctly deducible from the record before the judgment of the court below can be revised on the ground of error in the disposal of such a claim by its decision. . . . An assignment of errors cannot be availed of to import questions into a cause which the record does not show were raised in the court below and rulings asked thereon, so as to give jurisdiction to this court under the 5th section of the act of March 3, 1891 (c. 517, 26 Stat. 826, 827)."

And the doctrine thus announced has been followed and applied in many cases. *Cornell* v. *Green*, 163 U. S. 75, 79, 80; *Muse* v. *Arlington Hotel Co.*, 168 U. S. 430, 435;

*Cincinnati &c. R. Co.* v. *Thiebaud,* 177 U. S. 615, 619; *Paraiso* v. *United States,* 207 U. S. 368.

The assignments of error relate to these subjects: 1. Error asserted to have been committed by the court in refusing to allow a continuance pending the arrival of certain witnesses, thereby it is asserted "denying the defendant the right to have their counsel make an opening statement to the jury." 2. Error committed by the court in permitting the jury, with the consent of the accused, to separate after they were selected and empanelled and sworn. 3. Error by the court in refusing to discharge the jury because of an alleged publication made in a local newspaper during the trial, although the refusal of the court was based upon its opinion formed after a statement by the jurors that they had not seen the publication referred to. 4. Error committed by the court in admitting in evidence against Fushimi a statement made by him concerning the crime.

But in the light of the settled rule which we have stated it is apparent on the face of the record that the assignments are wholly inadequate to give us the power to directly review since there is nothing whatever directly or indirectly even intimating that the reliance on the Constitution was stated at the trial below in any form.

It may be fairly presumed under these circumstances that the direct writ of error from this court was sued out overlooking the fact that by operation of the Judicial Code the general right to direct review in capital cases was taken away or that the writ was prosecuted upon the assumption that the right to a direct review existed in any case where it was possible in this court to argue as to the existence of a constitutional right, wholly irrespective of whether the constitutional question relied upon was raised and considered in the lower court. But the latter conception overlooks the conclusively settled rule to which we have referred that the power to directly review

because of a constitutional question obtains only where such question was involved in the trial court, that is, was there actually raised. The destructive effect on the distribution of judicial power made by the act of 1891 which would result from holding that jurisdiction to directly review obtained in any case because of a constitutional question irrespective of the making of such question in the trial court merely because of the possibility after completion of the trial below of suggesting for the first time such question as the foundation for resorting to direct review, is apparent and finds apt illustration in this case. Thus, although the accused made no objection, constitutional or otherwise, to the permission given by the court to the jury to separate, and indeed expressly assented to such separation, yet as one of the grounds for direct review by this court it is insisted that as the Constitution guaranteed a jury trial according to the course of the common law and permission to separate could not be granted under that law, therefore the accused was deprived of a constitutional right.

It is to be observed that confining the right to direct review because of a constitutional question to cases where such question was raised in the trial court, that is, was there involved, does not deprive this court of the ultimate power to pass upon constitutional questions where it is necessary to do so, since if such a question not raised in the trial court germinates or emerges in a Circuit Court of Appeals, the right of that court to certify affords an opportunity of obtaining a review of the question by this court, and in the absence of a certification of the question the authority of this court to grant a writ of certiorari would enable the same result to be accomplished if in the judgment of this court the constitutional question was of sufficient importance to justify the calling into play of that power.

*Dismissed for want of jurisdiction.*