ALASKA PACIFIC FISHERIES *v.* TERRITORY OF ALASKA.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

Nos. 117, 118.  Argued December 19, 20, 1918.—Decided March 3, 1919.

The provisions of the Judicial Code governing the review of cases coming from Alaska are to be construed in the light of their legislative history and of the Judiciary Act of 1891, as construed by this court. P. 58.

Under §§ 134, 247, and 241, of the Judicial Code, when a case involving constitutional as well as other issues is taken from the District Court for Alaska to the Circuit Court of Appeals for the Ninth Circuit, the judgment of the latter court is not reviewable in this court by writ of error but only by certiorari. P. 61.

Writs of error to review 236 Fed. Rep. 52, 70, dismissed.

The cases are stated in the opinion.

*Mr. J. A. Hellenthal*, with whom *Mr. Harvey M. Friend* was on the briefs, for plaintiff in error:

Since this case involves the construction and application of the Constitution, by § 247, Jud. Code, a writ of error may be taken from the District Court for Alaska direct to the Supreme Court of the United States. If it had involved constitutional questions only, this court would have had exclusive jurisdiction to review the judgment of the District Court, and the Circuit Court of Appeals would have had none. But as the case involved a number of other questions along with the constitutional ones, under the authority of *Spreckels Sugar Refining Co.* v. *McClain*, 192 U. S. 397, it was reviewable alternatively by this court or the Circuit Court of Appeals.

Under § 134, Jud. Code, the judgment of the Circuit Court of Appeals is final in all cases other than those in which a writ of error or appeal will lie direct to the Supreme Court, as provided in § 247. But since this is a case in which a writ of error would. lie to the Supreme Court under the provisions of § 247, it is expressly excepted by the terms of the act from those cases in which the judgment of the Circuit Court of Appeals is made final. The language of the act is not that the judgments of the Circuit Court of Appeals for the Ninth Circuit shall be final in "all cases" but. in "such cases." The use of the word "such" limits the class of cases in which the judgments of the Circuit Court of Appeals are made final to the cases previously in the same sentence dealt with; and since the cases of the character dealt with in § 247, to which the case at bar belongs, are expressly excepted from those in which the decision is made final, the decision in the case at bar is not final.

Owing to the peculiar fitness of this court to pass upon all matters relating to the construction and application of the Constitution, it has been the settled policy of Congress to leave such matters in all cases to the final judgment of this court. The decision of the Circuit Court of Appeals is not made final, and, the requisite amount

being involved, it may be reviewed by this court under the provisions of § 241, Jud. Code. *American Sugar Refining Co.* v. *New Orleans,* 181 U. S. 277; *Spreckels Sugar Refining Co.* v. *McClain,* 192 U. S. 397; *Christianson* v. *King County,* 239 U. S. 356; *Ohio R. R. Commission* v. *Worthington,* 225 U. S. 101, 104, 105.

The provisions of §§ 247 and 134, Jud. Code, governing appeals and writs of error from the District Court for Alaska, differ widely from the sections of the Judicial Code involved in *Macfadden* v. *United States,* 213 U. S. 288, and the *McClain Case, supra,* in that the finality of judgments of the Circuit Court of Appeals is not made to depend upon the sources of jurisdiction, but upon the character of the case. The District Court for Alaska is a court of general law and equity jurisdiction and its judgments are reviewable without regard to the question of how the case arose. *In re Cooper,* 143 U. S. 472. But in those other cases, arising in the District Courts of the United States, the judgments of the Circuit Court of Appeals were made final by the express provision of § 128, because of the sources of the initial jurisdiction, peculiar to District Courts of the United States, and without regard to the constitutional questions that became involved.

*Mr. George B. Grigsby,* Attorney General of the Territory of Alaska, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

These cases were argued and submitted together, and may be disposed of in a single opinion.

In case No. 117 the action was brought in the District Court for Alaska to recover monies alleged to be due under a statute imposing a tax upon prosecuting the business of fishing by means of fish traps in the waters of Alaska. The defendant, the Alaska Pacific Fisheries, filed an

answer in which it set up that the act of the Alaska legis-
lature, under which the suit was brought, was void under
the act of Congress creating the legislature of Alaska, and
under the Constitution of the United States, and set up
other defenses not involving the Constitution.

In case No. 118 the Territory brought an action to re-
cover taxes claimed to be due under an act of the legis-
lature of the Territory of Alaska for prosecuting the busi-
ness of fishing for and canning salmon in Alaska. With
other defenses the constitutionality of the law was con-
tested by the defendant.

Judgment in each case was rendered in the District
Court in sums in excess of $500.00 against the Alaska
Pacific Fisheries. Upon error to the Circuit Court of
Appeals for the Ninth Circuit the judgments of the Dis-
trict Court were affirmed. 236 Fed. Rep. 52, 70.

Motions to dismiss the writs of error were filed by the
Attorney General of the Territory upon the ground that
the judgments of the Circuit Court of Appeals are final.
Consideration of the motions was passed to the hearing
upon the merits. A determination of the motions in-
volves a construction of sections of the Judicial Code
regulating appeals and writs of error in the District Court
for Alaska and the Circuit Court of Appeals for the Ninth
Circuit. Section 134 of the Judicial Code (36 Stat. 1134)
provides:

"In all cases other than those in which a writ of error or
appeal will lie direct to the Supreme Court of the United
States as provided in section two hundred and forty-seven,
in which the amount involved or the value of the subject-
matter in controversy shall exceed five hundred dollars,
and in all criminal cases, writs of error and appeals shall
lie from the district court for Alaska or from any division
thereof to the circuit court of appeals for the ninth circuit,
and the judgments, orders, and decrees of said court shall
be final in all such cases. But whenever such circuit court

of appeals may desire the instruction of the Supreme Court of the United States upon any question or proposition of law which shall have arisen in any such case, the court may certify such question or proposition to the Supreme Court," and thereupon the Supreme Court shall give its instruction upon the question or proposition certified to it, and its instructions shall be binding upon the circuit court of appeals."

Section 247 (36 Stat. 1158) of the Code provides:

"Appeals and writs of error may be taken and prosecuted from final judgments and decrees of the district court for the district of Alaska or for any division thereof, direct to the Supreme Court of the United States, in the following cases: In prize cases; and in all cases which involve the construction or application of the Constitution of the United States, or in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority is drawn in question, or in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States. Such writs of error and appeal shall be taken within the same time, in the same manner, and under the same regulations as writs of error and appeals are taken from the district courts to the Supreme Court."

Section 241 (36 Stat. 1157) of the same Code provides:

"In any case in which the judgment or decree of the circuit court of appeals is not made final by the provisions of this Title, there shall be of right an appeal or writ of error to the Supreme Court of the United States where the matter in controversy shall exceed one thousand dollars, besides costs."

It is the contention of the plaintiff in error that under § 241 the judgments of the Circuit Court of Appeals are not final and there is a right to a writ of error from this court, the matter in controversy exceeding one thousand dollars, besides costs.

The District Court of Alaska is a court witn the jurisdiction of United States district courts and general jurisdiction in civil, criminal, equity, and admiralty causes. (4 U. S. Comp. Stats. § 3564.) In that court these suits were brought to recover the taxes in question. As already indicated, the answer in each of the cases raised an issue as to the constitutionality of the statute under which the taxes were levied, and the question which we are now to consider is: Are the judgments of the Circuit Court of Appeals final? In interpreting the sections of the statutes controlling this matter resort must be had to the language of the laws, to the history of the legislation, and the decisions of this court interpreting the Circuit Court of Appeals Act, now substantially carried into the Judicial Code, in so far as the same are applicable.

The sections of the Judicial Code pertaining to Alaska had their origin in prior federal legislation concerning the Territory. The Committee on revision of the laws in its report to Congress said of § 134:

"This section is drawn from section 202 of the Criminal Code for Alaska [Act of March 3, 1899, ch. 429, 30 Stat. L. 1307], and from sections 504 and 505 of the Civil Code [Act of June 6, 1900, ch. 786, 31 Stat. L. 414, 415] and states what was the existing law on the subject. Those portions of the sections which authorize the taking of writs of error and appeals direct to the Supreme Court are revised in section 247. Formerly capital cases went direct to the Supreme Court. Section 247 was so modified as to take from the Supreme Court its jurisdiction of capital cases, the effect being to vest the right to review on a writ of error in the Circuit Court of Appeals. This is accomplished, so far as this section is concerned, by the omission of the words 'other than capital' after the words 'and in all criminal cases.'" (Note by Committee on Revision, 5 Fed. Stats. Ann., p. 644, note to § 134.)

Sections 504 and 505 of the Alaska Civil Code as they

stood before the enactment of the Judicial Code are found
in 31 Statutes at Large, pp. 414, 415.   These sections are
as follows:

"Sec. 504. Appeals and writs of error may be taken and
prosecuted from the final judgments of the district court
for the district of Alaska or any division thereof direct to
the Supreme Court of the United States in the following
cases, namely: In prize causes and in all cases which in-
volve the construction or application of the Constitution
of the United States, or in which the constitutionality of
any law of the United States, or the validity or construc-
tion of any treaty made under its authority is drawn in
question, or in which the constitution or law of a State is
claimed to be in contravention of the Constitution of the
United States; and that in all other cases where the amount
involved or the value of the subject-matter exceeds five
hundred dollars the United States circuit court of appeals
for the ninth circuit shall have jurisdiction to review by
writ of error or appeal the final judgments, orders, of the
district court."

"Sec. 505. The judgments of the circuit court of appeals
shall be final in all cases coming to it from the district court,
but whenever the judges of the circuit court of appeals may
desire the instruction of the Supreme Court of the United
States upon any question or proposition of law which shall
have arisen in any case pending before the circuit court
of appeals on writ of error to or appeal from the district
court, judges may certify such question or proposition to
the Supreme Court, and thereupon the Supreme Court
shall give its instruction upon the questions and proposi-
tions certified to it, and its instruction shall be binding
upon the circuit court of appeals."

A reading of these sections shows that two classes of cases
were provided for: (1) Prize cases, and cases involving the
Constitution and treaties; (2) other cases wherein the
amount involved exceeds five hundred dollars.   In the first

class of cases appeal or writ of error was to this court direct.
In the second class of cases the writ of error or appeal was
to the United States Circuit Court of Appeals for the Ninth
Circuit. Under § 505 the judgments of the Circuit Court
of Appeals were made final in all cases coming to it from
the district court, with the provision that the Circuit Court
of Appeals might certify propositions of law to this court
in any cases pending before it upon writs of error or appeals.
The like provision as to the finality in the Circuit Court of
Appeals was, we think, carried into the Judicial Code in
§ 134 thereof, and a writ of error or appeal to this court was
allowed where the Federal Constitution was involved, under
the provisions of § 247. In § 134, as in the Alaska Code
from which we have quoted, the judgment of the Circuit
Court of Appeals was made final "in all such cases," that
is, in cases in which the section permitted appeals or writs
of error to the Circuit Court of Appeals.

It is true that § 134 begins by reference to cases other
than those which may come to this court, and might be
construed to allow appeals to the Circuit Court of Appeals
for the Ninth Circuit only in cases which could not be
brought directly to this court. But, bearing in mind the
sources of the legislation which was enacted into the Ju-
dicial Code and the interpretation which this court has
placed upon the Circuit Court of Appeals Act of 1891,
we are led to the conclusion that it was not the intention
of Congress to give practically two appeals in the class of
cases which we are now considering. Under § 5 of the
Circuit Court of Appeals Act, 1891, c. 517, 26 Stat. 826,
direct appeals might be taken from the district courts or
circuit courts to this court in cases which involved the con-
struction or application of the Constitution of the United
States, and where such was the only matter involved, an
appeal could not be taken to the Circuit Court of Appeals.
*Carolina Glass Co.* v. *South Carolina,* 240 U. S. 305, 318.
But in cases wherein issues were involved affecting the

construction and application of the Constitution, as well as others upon which the case might go to the Circuit Court of Appeals under the Circuit Court of Appeals Act, two appeals were not allowed, and the judgment of the Circuit Court of Appeals was final if the case was taken there, and the jurisdiction originally invoked rested solely · upon grounds which by § 6 of the Circuit Court of Appeals Act (§ 128, Judicial Code) made its judgment final. *Macfadden* v. *United States,* 213 U. S. 288; *Robinson* v. *Caldwell,* 165 U. S. 359; *Loeb* v. *Columbia Township Trustees,* 179 U. S. 472; *American Sugar Refining Co.* v. *New Orleans,* 181 U. S. 277; *Boise Water Co.* v. *Boise City,* (No. 2), 230 U. S. 98.

Under the original Alaska Act, cases involving the application of the Constitution were directly reviewable in this court, and those reviewable by the Circuit Court of Appeals for the Ninth Circuit were by the terms of the act made final in that court. The Judicial Code, which is primarily a codification of former statutes, carried the provisions of these sections into that code with the change which made all criminal cases, capital as well as others, final in the Circuit Court of Appeals. *Itow* v. *United States,* 233 U. S. 581.

We think Congress in enacting the Judicial Code contemplated no change as to the finality of the judgments of · the Circuit Court of Appeals for the Ninth Circuit in cases taken to that court from the District Court of Alaska.

The plaintiff in error might have taken a writ of error from this court to the District Court. (§ 247.) It did not choose to do so, and as the cases involved issues other than those relating to the Constitution, sued out a writ of error from the Circuit Court of Appeals. By the terms of § 134 the judgment of that court is made final.

· The contention that the effect of this construction is to make the Circuit Court of Appeals a court of final jurisdiction in cases involving questions of the construction and

application of the Constitution, is met by the suggestion that this court has ample power under the Judicial Code to review judgments of the Circuit Court of Appeals, made final in that court, by writs of certiorari. (§ 240.)

Reaching the conclusion that the judgments of the Circuit Court of Appeals were final in these cases, it follows that the writs of error must be

*Dismissed.*