## FREEMAN v. PEW.
### No. 5519.

Court of Appeals of the District of Columbia.
Argued June 1, 1932.
Decided June 13, 1932.

Robert Hardison, of Washington, D. C., for appellant.

James A. O'Shea and John H. Burnett, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal from a judgment of the Supreme Court of the District in favor of the plaintiff below in an action for malicious prosecution. The only error assigned presents for our decision the question whether the action was barred by the statute of limitations. Concededly the cause of action accrued on January 20, 1927. The declaration was filed January 20, 1928.

Title 24, § 341, D. C. Code 1929, provides: "No action shall be brought * * * for * * * malicious prosecution * * * after one year from the time when the right to maintain any such action shall have accrued."

Appellant, defendant below, contends that the day on which the right of action accrued, namely, the 20th of January, 1927, should be included in computing the one-year period, and that therefore the declaration was filed one day after the statute had run.

Conflict and confusion may be found among the decisions regarding computation of time. In the multiplicity of statutes and rules of court respecting time within which rights may exist or be exercised or enforced, a certain and uniform rule of computation, whether arbitrary or not, is much to be desired, and so we shall not view the statute here with a critical eye in an effort to find ground for a nice distinction, nor do we think it would be helpful to endeavor to reconcile the decisions. Here, rights do not depend upon the order of events occurring on the same day, and so there is no good reason for splitting the day. In such circumstances, it has long been the settled doctrine that the law, disregarding fractions, takes the entire day as the unit of time. In a number of the states, it is held that where the computation of time is from an act done, or a right accrued, the day on which the act is done or on which the right accrued is to be included. The theory of this is that after the act is done or the right accrued suit may be instituted, and therefore the statute commences to run immediately. Many such courts also hold that if the statute requires suit to be commenced within a certain period after the "day" a contrary rule applies.

But we think to follow this line of reasoning would be to add to the confusion which now exists, and therefore we prefer to adhere to the rule long ago announced by us in Ambrose v. Brown, 42 App. D. C. 25, 33, which is also the rule in many of the states. In that case the statute provided that no action upon a note should be brought "after three years from the time when the right to maintain any such action shall have accrued." We held that the day the right of action accrued should not be counted.

The effect of this is to avoid the distinction between a limitation running from a day and one from an event, and this, it seems to us, is in accord with the views of the Supreme Court on the subject. In Burnet v. Willingham L. & T. Co., 282 U. S. 437, 439, 51 S. Ct. 185, 186, 75 L. Ed. 448, Mr. Justice Holmes, who delivered the opinion of the court in that case, quoted with approval the language of Chief Justice Bronson in Cornell v. Moulton, 3 Denio (N. Y.) 12, 16, as follows: "When the period allowed for doing an act is to be reckoned from the making of a contract, or the happening of any other event, the day on

which the event happened may be regarded as an entirety, or a point of time; and so may be excluded from the computation."

This rule seems to us consonant with the general sense and common usage of the language of the statute, in harmony with the modern view in the interpretation of contracts and statutes, and, we hope, will settle the question, so far at least as the jurisdiction of this court extends.

Affirmed.