## LOWE v. HESS.
No. 4499.

District Court of Alaska. Fourth Division. Fairbanks.
Nov. 25, 1941.

Sherman A. Noyes, of Fairbanks, for plaintiff.
Julien A. Hurley, of Fairbanks, for defendant.

PRATT, District Judge.

In this second affirmative defense, the defendant alleges that upon the 15th day of May, 1939, he duly filed in the United States Land Office at Fairbanks, Alaska, his application for patent to the claim known as the Harriett Belle placer mining claim, owned by him since July 2, 1928; that the said Land Office duly posted and published for sixty days a notice that such application had been filed, the last publication being July 15, 1939; that the plaintiff filed an adverse claim in the Land Office upon the 14th day of March, 1940, claiming to own the placer mining ground included within the boundaries of said Harriett Belle placer mining claim by virtue of restaking the same upon the 30th day of August, 1939, as the Bunker Hill claim; that

plaintiff, on the 14th day of May, 1940, commenced this action.

The defendant alleges that this suit was commenced more than sixty days after the filing of the adverse in the Land Office and that it was too late to constitute a suit in aid of the adverse.

The plaintiff has demurred on the ground that the allegations do not constitute a defense.

The plaintiff contends that the question as to whether or not the adverse suit was commenced within the time allowed by law is governed entirely by the law and rules of practice of the court of the forum in which the suit is brought. Counsel cites 40 C.J., page 877, section 380, and cases mentioned therein under note 57.

These authorities deal with the question of when a suit is deemed commenced and do not deal with the question of whether or not it was commenced within the time limited by law. In the present case, this cause was duly commenced by the filing of a complaint and the issuance and service of the summons upon the 14th day of May, 1939. There is no question as to when it was commenced.

Consequently, 40 C.J., page 877, as above mentioned, is not authority for any question in issue in this case.

Section 3275, Compiled Laws of Alaska, 1933, is as follows: "The time within which an act is to be done, as provided in this code, shall be computed by excluding the first day and including the last, unless the last day fall upon a Sunday, or other legal holiday, in which case the last day shall also be excluded. * * * "

The above section appeared in the code of civil procedure of Alaska, adopted by congress and approved June 6, 1900. It was taken from a similar statute in Oregon, now section 10-206, Oregan Compiled Laws, Annotated, enacted in 1862.

Plaintiff's counsel asserts that the period within which an adverse action shall be commenced after the filing of

an adverse claim in the Land Office is to be determined by excluding the day on which the adverse claim was filed in the Land Office and then excluding the next day thereafter and including the day on which the action was commenced. He cites as authority for this computation the following cases, to wit: Nealan v. Ring, 98 Or. 490, 184 P. 275; Pringle Falls Electric Power & Water Co. v. Patterson, 65 Or. 474, 128 P. 820; Vincent v. First National Bank, 76 Or. 579, 143 P. 1100; Freeman v. Pew, 61 App.D.C. 223, 59 F.2d 1037.

Vincent v. First National Bank, supra, and Nealan v. Ring, supra, support plaintiff's contention. In the latter case, however, the court said: "Were the matter res integra a different conclusion might plausibly be contended for; * * *."

The case of Pringle Falls Electric Power & Water Co. v. Patterson, supra, is contrary to plaintiff's contention. The law required an undertaking to be filed with the notice of appeal, and the appellee was allowed five days within which to except to the sufficiency of the sureties. In computing the five days, the court, following the rule laid down in Boothe v. Scriber, 1906, 48 Or. 561, 87 P. 887, excluded only the day the undertaking was filed and did not exclude the day following the day the undertaking was filed.

In Sherwood v. State Industrial Accident Commission, 1940, 164 Or. 674, 103 P.2d 714, Boothe v. Scriber, supra, was followed as to the computation of the five days within which exceptions to sureties might be taken; that is, the day on which the undertaking was filed was excluded but the next day was counted as well as the last day.

In Osborne v. Zimmerman, Or. 1940, 105 P.2d page 1097, 1098, the law provided: " * * * 'Any person wishing to contest the nomination of any other person * * * may give notice in writing * * * within five days from the time said person shall claim to have been nominated.' " The primary election occurred on May 17th. Notice of contest was served on May 23rd. The

court said: "Computing the time by excluding the first day on which the notice of contest could lawfully have been filed, which was the 18th day of May, 1940, the five days did not expire until May 23, 1940."

On the petition for rehearing, the court said, page 1100 of 105 P.2d:

"In computing time pursuant to § 7-109, Oregon Code 1930, this court has invariably excluded the first day on which an act could be done, and consequently, since May 18, 1940, was the first day on which the acts of serving and filing notice of contest could be done, that day should be excluded when computing the five days within which to initiate a contest.

"In the case before us we are not concerned with the computation of time from the doing of a certain act, but from a fixed date. The importance of this distinction is apparent from a reading of Boothe v. Scriber, 48 Or. 561, 87 P. 887, 888, 90 P. 1002. * * * In computing the time within which the respondent had to except to the sureties, the day on which the undertaking was served was excluded, and the following day counted. To determine the time within which the transcript on appeal should have been filed, the court excluded the first day on which it could legally have been filed. * * *"

In the instant case, the adverse claim was filed in the Land Office on March 14, 1940. The adverse claimant, Emma Grace Lowe, could have immediately, upon said 14th day of March, 1940, commenced her action in support of the adverse claim. So in computing the sixty days within which the law required the commencement of the adverse suit, the first day, to wit, March 14th, should be excluded and the last day, to wit, May 13th, should be included.

Insofar as the Vincent v. First National Bank and Nealan v. Ring cases, supra, are inconsistent with the last-mentioned computation of time, they are contrary to the Boothe v. Scriber and Pringle Falls Electric Power & Water Co. v. Patterson cases, supra, and are overruled by the Sher-

wood v. State Industrial Accident Commission and Osborne v. Zimmerman cases, supra.

To determine plaintiff's rights, however, it is necessary to ascertain whether or not the statuory rule. of computation of time, above-mentioned, is changed in this case by other matters.

The authority for the filing of an adverse suit is given by Section 30 of Title 30 U.S.C.A., as amended by section 386 of Title 48 U.S.C.A., which later section is as follows: "In Alaska adverse claims authorized and provided for in sections 29 and 30 of Title 30 may be filed at any time during the sixty days' period of publication or within eight months thereafter, and the adverse suits authorized and provided for in section 30 of Title 30 may be instituted at any time within sixty days after the filing of said claims in the local land office."

The plain provisions of said section 386, Title 48 U.S. C.A., is that the adverse suit must be filed within 60 days after the filing of the adverse claim in the Land Office. To exclude the day the adverse was filed in the Land Office and then exclude the next day and file the adverse suit within 60 days thereafter would not be filing the suit within 60 days after the filing of the adverse in the Land Office.

██ In 62 Corpus Juris, at page 990, and again at page 992, the general rule is stated:

" * * * a period of time, expressed as 'within' a specified time after or from a given day or date, is, as a general rule, computed by excluding the given first day or date and including the last day of the period, (49) * * *."

" * * * where any matter of practice or procedure is required by statute, rules of practice, or order of court to be done within a certain number of days from or after a prior proceeding or event, the first day is excluded in computing such period. (71) * * *"

"When patent proceedings were instituted, the Land Department became the main forum, to be aided in certain

issues, if the adverse claimant appeal, by an auxiliary forum. Both forums were limited specifically by the plain provisions of the statute." Smith v. Wheeler, 5 Alaska 282, 291.

█ The rule for the computation of time set forth in section 3275, C.L.A.1933, is limited by its terms: "The time within which an act is to be done, as provided in this code, * * *". Said section was a part of the code of civil procedure passed for Alaska by congress in 1900. Said section, therefore, would not apply to the provisions of section 386, Title 48 U.S.C.A.

In Alaska Pacific Fisheries v. Territory of Alaska, 9 Cir., 236 F. 52, 4 Alaska Fed. 432, the act of congress of 1912 providing for a Territorial legislature stated that it "shall not continue in session longer than· sixty days * * *." 48 U.S.C.A. § 74. The legislature convened at noon upon March 1 and between three and four o'clock in the morning of April 30th it adjourned sine die. The court held that the sixty days did not expire until noon of April 30. Writ of error dismissed, 249 U.S. 53, 39 S.Ct. 208, 4 Alaska Fed. 735, 63 L.Ed. 474.

█ However, said section 3275 merely states the common law rule in the matter. 62 C.J., page 984, section 30.

It is likewise the rule applied in Freeman v. Pew, 61 App. D.C. 223, 59 F.2d 1037; Burnet, etc., v. Willingham, etc., Co., 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448; Mockford v. Iles, Ind.1940, 26 N.E.2d 42; In re Hamilton, 7 Cir., 29 F.2d 281; People v. Snow, 279 Ill. 289, 116 N.E. 670, Ann. Cas.1917E, 992, under statute similar to Sec. 3275, C.L.A. 1933.

█ It appears, therefore, that the correct rule for computing the time for the plaintiff to file her adverse suit in this case is to exclude the day she filed the adverse claim in the Land Office, to wit, March 14, 1940, and then to count the next day as the first day. Therefore, the last day upon which the plaintiff could legally have filed her adverse suit was the 13th day of May, 1940.

The suit in this case, having been filed upon the 14th day of May, 1940, was too late.

The affirmative defense shows that jurisdiction of the land in controversy was in the Land Office in accordance with sections 29 and 30, Title 30 U.S.C.A., and section 386, Title 48 U.S.C.A. The affirmative defense was, therefore, good, and the demurrer as to the same was not well-taken.

In the complaint filed May 14, 1940, the plaintiff set up that she was the owner of a mining claim known as the Bunker Hill. She further states:

"4. That her adverse claim to the so-called Harriett Belle claim, approximately 1507 feet by 500 feet, was filed in the land office at Fairbanks, Alaska, within the period of ten months after publication of the notice of application for patent by Luther C. Hess on the so-called Harriett Belle claim and this suit is brought before the expiration of the period of sixty days after the filing of said adverse claim.

"5. That this suit is brought in support of said adverse claim, and that plaintiff necessarily disbursed, expended and paid out the sum of fifty dollars for the preparation of her adverse claim, and also a reasonable counsel fee.

"Wherefore, plaintiff prays judgment against the defendant:

"1. For the possession of the so-called Harriett Belle claim, re-staked the Bunkerhill Claim.
" * * *"

A demurrer was sustained to said complaint, but it seems to infer that the defendant had applied for patent for a Harriett Belle claim, which the plaintiff or her grantors had restaked as the Bunker Hill claim and that plaintiff had filed in the adverse to the patent application.

On the 21st day of August, 1940, the plaintiff filed an amended complaint in which she alleged that she was the owner and in possession of the placer mining claim known as the Harriett Belle claim; that the defendant claimed an adverse interest therein which was without any right. She

prayed that defendant set forth his adverse claim and that it be adjudged that the plaintiff was the owner of the premises and that the defendant had no estate therein.

There was no mention of a Bunker Hill claim and no mention of any patent application or adverse.

In the first affirmative defense set forth by the defendant he alleges ownership in himself of said Harriett Belle claim. The plaintiff has interposed a general demurrer to the first affirmative defense also.

█ If, as plaintiff's amended complaint states, she claims to own the same Harriett Belle placer mining claim as that claimed by the defendant, the first affirmative defense of the defendant is proper under section 3764, C.L.A. 1933, which provides that the defendant shall not be allowed to give in evidence any estate in himself unless the same be pleaded in his answer.

The defendant's third affirmative defense sets forth the matters contained in the second affirmative defense, and further that the plaintiff abandoned any adverse she might have filed in the Land Office and abandoned the character of an adverse suit which was contained in the original complaint.

The plaintiff has demurred to this defense on the ground that it does not state facts sufficient to constitute a defense.

The defendant's third affirmative defense shows that the United States Land Office by virtue of patent proceedings acquired exclusive jurisdiction of the land in controversy by virtue of which any adverse claim had to be filed in the Land Office and a suit in aid thereof commenced in the court on or before May 13, 1940; that no such suit was commenced; that upon May 14, 1940, an alleged adverse suit by the plaintiff, claiming a right to the ground in controversy by virtue of a Bunker Hill placer mining claim located August 30, 1939, was filed; that an amended complaint was filed by plaintiff August 21, 1940, which is now pending in this action, and in which the plaintiff claims to

be the owner of the Harriett Belle claim, with no mention of any Bunker Hill claim, or of an adverse having been filed in the Land Office.

■■ If the plaintiff is really relying upon title to the Harriett Belle claim and her title is derived from the same location of the same Harriett Belle claim as that of the defendant, she can bring an action to quiet her title, as such a title would not be an adverse claim within the meaning of Sections 29 and 30, Title 30 U.S.C.A. However, as the affirmative defense specifically sets forth that plaintiff's only claim to the ground in controversy is by virtue of a pretended location of a Bunker Hill claim on August 30, 1939, the court will assume the truth of the allegation. If plaintiff, in reality, has acquired title to the same Harriett Belle claim relied upon by the defendant, she can set forth the matter by way of reply.

The demurrer as to each of the three affirmative defenses will, therefore, be overruled.